## Case No. 15,409.

### UNITED STATES v. HOYT et al.

[1 Blatchf. 326.] [1]

Circuit Court. S. D. New York. Oct. Term. 1848.

OFFICIAL BONDS — RES JUDICATA — COLLATERAL UNDERTAKINGS—EQUITY SUITS.

1. Where a bond. with sureties, was given by H. to the government, for the faithful performance of his duties as collector of customs, and subsequently an additional bond, with a different surety, but with a like penalty and condition, was given by H., and a judgment was perfected against H. on the latter bond: *Held*. in a joint action against the obligors in the former bond, that a plea setting up the judgment and averring that in the two actions the plaintiffs sought to recover the same identical sum of money and upon the same identical breaches of each bond. was not a good plea.

2. The second bond did not of itself operate as a merger or extinguishment of the first, being a security of no higher degree.
[Cited in Re Crawford, Case No. 3.363.]
[Disapproved in Rockwell v. District Court of Lake Co. (Colo. Sup.) 29 Pac. 456.]

3. The judgment on the second bond could not, unless it was followed by satisfaction, have any effect on the first bond.

4. The second bond not having been given in satisfaction of the first, and not being between the same parties, was collateral to the first.

5. Separate suits may be brought jointly against all parties whose names are found on different instruments given as collateral security for a principal debt.

This was an action of debt, against Jesse Hoyt [impleaded with Robert McJimsey] and six other persons, on a bond executed and delivered by them to the United States, dated November 30th. 1838, in the penalty of $200,000. conditioned for the faithful performance of the duties of said Hoyt as collector of the port of New York. The declaration assigned as breaches the neglect and refusal of Hoyt to pay over to the plaintiffs divers large sums of money belonging to them. which were received by him by virtue of his office on divers days between the 20th of March. 1838. and the 1st of March, 1841. The action was commenced in April. 1841. and. after issue joined, the cause was continued until the term of the court in October, 1847, when the defendant Hoyt put in a plea puis darrein continuance. setting up that in April, 1841, the plaintiffs brought an action of debt against him and one Phelps, since deceased, in this court. on a bond executed and delivered by them to the plaintiffs on the 14th of December. 1839, in a like penalty and subject to a like condition with said bond of November 30th. 1838; that by that action the plaintiffs sought to recover of him and said Phelps, (in the language of the plea.) "the same identical sum of money as is demanded and sought to be recovered in this suit, and upon the same identical breaches of the said bond as the breaches assigned up-

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

on the bond over whereof is annexed to the plaintiffs' declaration in this suit;" that on the 19th of November, 1846, a judgment in said action was rendered for the plaintiffs against the defendant Hoyt, with costs; and that on the 7th of July, 1847, said Phelps died, whereupon said action abated against him, and said judgment became and was perfected and rendered operative against the defendant Hoyt, and still remained in full force and effect. To this plea the plaintiffs demurred, and the defendant joined.

Benjamin F. Butler, U. S. Dist. Atty.
J. Prescott Hall, for defendant.

NELSON, Circuit Justice. The defence set up in the plea assumes that the second bond did not of itself operate as a merger or extinguishment of the first, but that the judgment recovered upon it did. The second, being a security of no higher degree than the first, of course could not operate as an extinguishment of it. Jackson v. Shaffer, 11 Johns. 513; Andrews v. Smith, 9 Wend. 53. And, that a judgment recovered upon it would not have that effect, was the very point decided in Drake v. Mitchell, 3 East, 251. That was an action of covenant against three defendants. The defence was, that Mitchell, one of the defendants, had given to the plaintiff in satisfaction of the demand, his bill of exchange for the amount of it, upon which the plaintiff had recovered judgment. It was admitted by the counsel, that the giving of the bill did not operate as a satisfaction of the debt; but it was insisted that, by reason of the judgment, the bill had become a security of a higher nature, and the covenant was thus extinguished. But the court held that the judgment operated only to extinguish the bill on which the suit was brought, not the covenant. Grose, J., observed, that the bill, not having been accepted as a satisfaction for the debt, could only operate as a collateral security; and that though a judgment had been recovered on the bill, yet no satisfaction having been produced by it, the plaintiff might still resort to his original remedy. And Le Blanc, J., remarked, that the giving of another security, which in itself would not operate as an extinguishment of the original one, could not operate as such by being pursued to judgment, unless it produced the fruit of a judgment. So here, the second bond not operating of itself as a satisfaction, being a security of no higher degree than the first, cannot operate as such by being pursued to judgment.

The case of Holmes v. Bell, 3 Man. & G. 213, bears directly upon this question. It was there held, that, where a banker took a bond from B., his customer, with security, conditioned for the payment of all sums already advanced or thereafter to be advanced, the bond did not operate as a merger; and that a suit would lie against B. for the balance of his account, as upon a debt by simple contract. Tindal, C. J., observed, that the parties to the bond were not the parties between whom the original liability arose; and that the bond was evidently intended only as a collateral security.

The same principle was decided in the case of Bell v. Banks, 3 Man. & G. 258. That was an action upon a promissory note against two defendants. The defence was, that one of them, at the request of the plaintiff, had executed a warrant of attorney to a third person, in trust to secure the payment of the note, and that it was thereby extinguished. The court held that the plaintiff was entitled to recover. Tindal, C. J., considered the case of Drake v. Mitchell as decisive of the question. The other judges regarded the fact that the new security was between different parties, as conclusive against the merger and that it was intended as collateral. These cases, and others that might be referred to on the same point, are clear authorities against the defence in this case.

There is no averment that the second bond was accepted in satisfaction of the first, and it cannot of itself operate as a satisfaction, because it is a security of no higher nature than the first; and it is not made by or between the same, but between different parties. It is, therefore, but a collateral security, and, although it has passed into judgment, the original security remains unless followed by actual payment or satisfaction. Chipman v. Martin, 13 Johns. 240; Davis v. Anable, 2 Hill, 339; Day v. Leal, 14 Johns. 404.

The second bond being collateral to the first, a judgment recovered upon it against Hoyt, constitutes no bar to a joint action against him and his co-obligors upon the first; as separate suits may be brought jointly against all parties whose names are found on different instruments given as collateral security for the principal debt. Whether the obligations entered into in the different instruments given as collateral be joint or several, makes no difference, because the forms of proceeding require that they should be sued jointly or individually, and the law allows the suit to be joint in all cases. Besides, a judgment upon one collateral instrument does not work an extinguishment of another given for the same debt or duty, any more than it works an extinguishment of the principal debt. The remedies upon the different instruments are therefore independent of each other.

The averment in the plea, that the plaintiffs seek to recover the same identical sum of money in this suit that they sought to recover in the other, and upon the identical breaches assigned in that, is entirely consistent with the fact that the one security was collateral to the other, and does not necessarily import an extinguishment. The pleader should have gone further, and have averred that the one was given and accepted

by the plaintiffs in satisfaction of the other, or that satisfaction had followed the judgment on the first bond.

For these reasons, I think the plaintiffs are entitled to judgment on the demurrer.

