EDWARD G. LORING, Judge, &c., *vs.* WILLIAM BACON Administrator.

SAME *vs.* SIMON WILLARD.

The guardian of a minor, who had given a guardianship bond in the form required by law, having represented to the judge of probate, that, since his appointment, his ward had received a pecuniary legacy exceeding in amount the penalty of the bond; and having suggested that the judge should make such order in the

premises, as to law and justice might appertain; the judge thereupon ordered the guardian to file a new bond in a larger penal sum than the first; and the guardian filed such bond accordingly, with a new surety: it was held, that both bonds were valid; that the sureties were to be deemed co-sureties; and that, being sureties in different sums, they were as between themselves compellable to contribute in proportion to the different penalties of their respective bonds.

THE above entitled cases, which were action of debt on guardianship bonds, were submitted to the court on the following statement of facts: —

On the 23d of May, 1842, Charles Fox was appointed guardian of John W. Furness, a minor son of John C. Furness, deceased, and gave a bond in the form required by law, in the penal sum of three hundred dollars, with the defendant Willard as his surety. The action against the latter is on this bond.

On the 13th of June, 1842, Charles Fox presented a petition to the judge of probate, representing that since his appointment as guardian, a legacy of $500 had been bequeathed to his ward; and as his guardianship bond was merely a nominal one, suggesting that the judge should make such order in the premises, as to law and justice might appertain. On this petition, the judge ordered Fox to file a new bond in the penal sum of one thousand dollars; and he filed such a bond accordingly, on the same day, in the penal sum required, with Ebenezer Fox as his surety. Ebenezer Fox has since deceased, and the first of the above entitled actions is against his administrator on this bond.

The will of William Furness, dated March 2d, and proved May 17th, 1735, contained the following clause: —

" In the first place, I give and bequeath to my grandson, John William Furness, son of my son, John C. Furness, deceased, five hundred dollars, if he shall arrive to the age of twenty-one years, then to be paid over to him by my executor hereinafter named."

After Fox's appointment as guardian, William Furness's executor paid him the legacy of $500, to his ward, taking the guardian's receipt therefor, dated May 23d, 1842.

John William Furness died on the 23d of April, 1845 being then under age.

Charles Fox, the guardian, has accounted for the interest of the legacy of $500, to the time of his ward's death, but has never accounted for the principal.

On the 17th of April, 1848, the administrator of John William Furness presented a petition to the judge of probate, upon which Charles Fox was cited to appear before the judge to render an account of his guardianship. The petitioner also prayed for leave to sue the bonds given by the guardian; and it was accordingly ordered, at a probate court, held on the 10th of July, 1848, " it appearing to the court, that the said Charles Fox has neglected to settle an account," &c., that the bonds above mentioned be put in suit.

The court are to direct the entry of such judgment as they may think proper.

These causes were argued in writing by *S. E. Sewall,* for the plaintiff, and by *A. C. Spooner,* for the defendants.

METCALF, J. It was decided in *Furness* v. *Fox,* 1 Cush. 134, that the legacy to John W. Furness was a vested and not a contingent legacy. And as it was paid into the hands of the legatee's guardian, and is still in his hands, he is clearly liable, on his guardianship bonds, (which contain the condition prescribed by the Rev. Sts. *c.* 79, § 5,) to account for it, and to pay the amount of it to the administrator of the legatee.

We know of no legal objection to the filing of several similar bonds, by a guardian or an administrator, with a single surety on each, instead of one bond with joint sureties. Whether the judge of probate could, in this case, have required the guardian, against his will, to give the second bond, and have legally dismissed him from his trust, if he had refused to give it, we have no occasion now to decide. The guardian, of his own motion, suggested that his first bond was insufficient to secure the bequest to his ward, and readily submitted to the direction of the judge in the premises. The judge thereupon directed, that a new bond should be given, and the guardian voluntarily gave it, and furnished a new surety. Under these circumstances, the second bond must

be held to be valid, both as against the principal and the surety.*

We are also of opinion that the filing of the second bond did not discharge, nor in any way impair, the obligation of the first. It is probably a necessary implication from the provisions of the Rev. Sts. *c.* 70, §§ 27, 30, that when a judge of probate shall require and obtain a new bond, because the sureties on the old one are not sufficient, or because they claim a discharge from further responsibility, after having stood responsible for six years, those sureties shall not be answerable for subsequent breaches of the condition of those bonds. But those provisions do not apply to the first bond given in this case. The second bond was not given because the surety in the first was insufficient, nor because he peti·tioned to be discharged, but because the penalty of the bond was not sufficient. Nor did the judge of probate pass any decree discharging the surety.

The plaintiff is entitled to judgment against each defendant for the penalty of the bond executed by him. Each defendant may be heard in chancery ; and execution will be awarded against each, for such sum, not exceeding the penalty of his bond, as shall be found to be equitably due to the plaintiff. As both bonds were given for the same purpose, and with the same conditions, the defendants are to be deemed co-sureties of the guardian. But as they are sureties in different sums, they are, as between themselves, compellable to contribute in proportion to the penalties of their respective bonds. *Deering* v. *Winchelsea,* 2 Bos. & Pul. 270, and 1 Cox, 318; *Pendlebury* v. *Walker,* 4 Younge & Coll. 441. This, however, is a matter with which the plaintiff has no concern. It may hereafter concern the defendants, if the plaintiff shall collect of one of them more than the proportion which, as between him and the other, he is bound .o pay.                                  *Defendants defaulted.*

* See act of 1851, *c.* 31.