## No. 4991.

### Thomas Brady v. Parish of Ascension.

In May, 1872, plaintiff instituted a suit against the parish of Ascension to compel the president of the police jury and the treasurer of the parish to satisfy his claim for damages in consequence of the destruction of his boat by a mob. The suit was based upon resolutions of the police jury passed in 1871, authorizing the settlement of said claim by giving to plaintiff the bonds of the parish for $7585, but which resolutions were subsequently repealed. There was judgment against plaintiff who appealed. This appeal, however, was subsequently abandoned.

In May, 1873, the present suit was instituted. The demand is to enforce what the plaintiff calls a compromise offered by the parish in the resolutions of 1871, before mentioned. The defense is the plea of *res judicata*.

The only difference between the suit before the court and the one decided in May 1872, is that the plaintiff now asks for a judgment for $7585 in *dollars*, whereas before he asked for the *bonds* of the parish for that amount. The plea of *res judicata* must prevail.

It matters not in what form the question may have been presented, if the same question once judicially decided between the same parties be again agitated, it must be regarded as the thing adjudged.

It is certain that, had the plaintiff succeeded in the former suit, he could not have instituted the present one.

Another test is, that the same evidence will support both actions.

There is no force in the objection that this court can not pass upon the exception of *res judicata*, because the court *a qua* did not. By agreement the exception was referred to the merits, and the judge *a quo*, being of opinion that the defendant was entitled to a judgment on the merits, expressed no opinion as to the exception. But the whole case is before this court as it was before him. The court, therefore, is not precluded from deciding this question.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Flagg, J. S. P. Blanc, Finney & Boland,* for plaintiff and appellant. *Frederick Duffel,* District Attorney *pro tem.,* and *R. N. Simms,* for defendant and appellee.

Ludeling, C. J. The plaintiff had a trading boat which was destroyed in 1870 by a mob, while it was within the jurisdiction of the parish of Ascension.

On the third of January, 1871, he instituted a suit against the parish for $12,678, to indemnify his losses.

In March, 1871, resolutions of the police jury, it is alleged, were adopted, authorizing the settlement of said claim of Thomas Brady by

Brady v. Parish of Ascension.

giving him bonds of the parish for $7585, payable in one and two years. Subsequently the police jury passed an ordinance repealing said resolutions. In May, 1872, Brady instituted suit to compel the president of the police jury and the treasurer of the parish to issue and deliver to him the bonds of the parish to satisfy his claim, under the aforesaid resolutions.

The defense to that suit was the nullity of said resolutions, because the police jury had not adopted them by the requisite vote, and for other reasons not now necessary to be enumerated. There was judgment in favor of the defendant and against the plaintiff, dismissing his demand with costs. An appeal was granted on motion, returnable in January, 1873, but that appeal seems to have been abandoned.

On the twelfth of May, 1873, the present suit was instituted. The demand in this suit is to enforce what the plaintiff calls a compromise, offered by the parish in the resolutions of March, 1871, before mentioned. The only difference between the suit before the court and the one decided in May, 1872, is that the plaintiff now asks for a judgment for $7585, in dollars, whereas before he asked for the bonds of the parish for that amount.

The plea of *res judicata*, filed by the defendant, should have been maintained.

It matters not in what form the question may have been presented, if the same question, once judicially decided between the same parties be again agitated, it must be regarded as the thing adjudged. 19 La. 328; 12 An. 197; 14 An. 799.

It is quite certain that if the judgment had been in favor of the plaintiff, the defendant could never afterwards have contested the validity of the resolutions which form the basis of the demands of the plaintiff in both suits. It is equally certain that had the plaintiff succeeded in the former suit, he could not have instituted this suit.

Still another test is, that the same evidence will support both actions—the cause of action is, therefore, the same in the two cases. Starkie, Evidence, part 2 p. 64.

It is insisted, however, that this court can not pass upon the exception of *res judicata*, because the court *a qua* did not.

By agreement the exception was referred to the merits, and the judge *a quo*, being of opinion that the defendant was entitled to a judgment on the merits, expressed no opinion as to the exception. That does not preclude us from deciding the question. The whole case is before us, as it was before him.

For the reason aforesaid, it is ordered that the judgment of the lower court be affirmed, with costs of appeal.

Rehearing refused.