M. D. Lewis, Public Administrator, Respondent, *v.* Henry Gambs et al., Appellants.

June 4, 1878.

1. In a proceeding under sect. 67, p. 81, of Wagner's Statutes, to ascertain the amount of money and property in the hands of an administrator at the expiration of his term, and for an order for the delivery of the same to his successor, and to enforce the order against his sureties, where there are two bonds, and the sureties on each are liable for the total defalcation, the sureties on both bonds are properly made parties, and judgment is properly rendered against all for the amount found due.

2. Where money is paid on the general liability by one who is surety on both bonds, in the absence of directions at the time of payment, it will be applied on his liability on the oldest bond.

3. In such a proceeding the annual sworn settlement of the administrator, though not conclusive, is competent as an admission.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

H. A. HAEUSSLER, for appellants, cited: *Draffen* v. *City*, 8 Mo. 397; *The State* v. *Smith*, 26 Mo. 226; *City* v. *Merlott*, 26 Mo. 233.

FINKELNBURG & RASSIEUR, for respondent, cited: *Haskell* v. *Farrar*, 56 Mo. 497; *Wickham* v. *Page*, 49 Mo. 536.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding by the public administrator of St. Louis County, who administers upon the estate of Thomas Raddin, against the sureties on two several bonds given by Henry Gambs, the former public administrator of the same estate, and against Gambs as administrator of said estate, to ascertain the amount of money and property of the estate in the hands of Gambs at the time he resigned, to have an order for the delivery of the same to his successor in office, and to enforce such order against Gambs and his sureties in accordance with the statutory provision (Wag. Stats. 81, sect. 67), by execution for the amount of money specified in the judgment.

In the Probate Court there was a judgment against all the defendants, and an order on Gambs to turn over a certain amount of uncollected accounts. Plaintiff appealed to the Circuit Court, and on trial anew there, the court found all the issues joined for plaintiff, and assessed his damages at $2,654.32, to be recovered of defendants, with costs, and ordered that execution issue therefor. From this judgment defendants Wolff and Tilford appeal.

It appeared on the trial that Gambs, public administrator of St. Louis County, took charge of Raddin's estate in March, 1872. In November, 1872, Gambs was reëlected, and gave bond for $110,000, with defendants Hirschberg

and Green, and others, as sureties.    At the June term, 1873, Gambs was ordered to give an additional bond, and did so in September, 1873, with Green, Wolff, and Tilford as sureties.    Thus Hirschberg was on the first bond only, Wolff and Tilford were on the second bond only, and Green was on both bonds.

In December, 1874, Gambs resigned and absconded.    He was a defaulter to a very large amount.    Evidence was introduced tending to show an indebtedness of Gambs to the Raddin estate of $2,418.32 cash, on December 25, 1874. It was admitted that the uncollected accounts had been turned over to his successor.

Defendants offered testimony tending to show that defendants Hirschberg, Wolff, and Tilford had paid, on estates not finally settled when the second bond was given, and on estates which Gambs took charge of after the second bond was given, the total sum of $95,133.32, which sums had been contributed by the four defendants named, in equal shares of $23,783.33 each.    The testimony also showed that the disbursing agent for these bondsmen had paid this money on proceedings prosecuted, as in the present case, on both bonds.    It will be seen that if the money contributed by Green is wholly applied to his liability on the second bond, the amount paid by him, together with the equal amount paid by his co-sureties Tilford and Wolff, wholly discharges the penalty of the second bond, and $1,360 over ; but if Green's payment is applied on the first bond, the penalty of the second bond is not exhausted by about $22,500.

The defendants, Wolff, Tilford, and Green moved for a rule on plaintiff to elect on which bond he would proceed. This motion was overruled.    They objected to the introduction of the second bond, on the ground that both bonds could not be proceeded on in one action ; that the sureties on the second bond were not liable for defaults of Gambs in estates of which he had taken charge during his first term ; that they were not liable until the first bond

was exhausted; and that the second bond is not in accordance with the statute.

The court, of its own motion, declared the law to be that the payments made by Hirschberg and Green must be applied to their liabilities on the first bond; and that if Wolff and Tilford have not, together, paid the full penalty of the second bond, this proceeding can be maintained as to them.

The defendants asked instructions to the effect, *first*, that if Wolff, Tilford, and Green have paid the penalty of the second bond, there can be no recovery as to them; *second*, that on the case supposed in last instruction, there can be no recovery as to Wolff and Tilford; *third*, that there can be no recovery against Wolff and Tilford for moneys received before the date of their bond; *fourth*, that there can be no recovery on the evidence.

That the additional bond given by an administrator is cumulative, and does not discharge the sureties on the first bond, is well settled; and it is not disputed here that the plaintiff might proceed against the sureties on both bonds, or on either of them, but it is contended that plaintiff could not proceed in one action upon the sureties in two different bonds. It will be granted, of course, that plaintiff could not sue upon these two bonds in one action, joining the sureties in the two bonds as parties defendant. The present proceeding, however, is not an action upon the bonds, but a summary remedy given to the administrator by statute, which he may pursue, if he chooses, instead of his action upon the bond. The provision of the law is (Wag. Stats. 81, sect. 67) that if any administrator resign, or his letters are revoked, the Probate Court shall have power, on application of his successor, to ascertain the amount of money, and quantity and kind of property, in the hands of the former administrator when his term of office expired, and to order the rendition of the same to his successor, and to enforce such order against the adminis-

trator and his sureties for the amount of money specified in the judgment, by execution in the ordinary form.

Clearly this law does not contemplate several proceedings under several different bonds. The court ascertains the amount due, once for all. Otherwise, in separate proceedings against different sets of sureties, the evidence might vary, and the same court might be compelled, on the testimony as thus presented, to find varying sums as the amount of money due, at the time his letters were revoked, by the outgoing administrator, and to be by him turned over to his successor; which would be absurd. It may be that cases may be supposed when the remedy could not be applied against all the sureties: as where there was a liability on a second bond, and only a partial liability, or none at all, on a former bond; or where the defalcation exceeded the penalty of the second bond. In the latter case, of course, there could be no execution against the sureties for an amount exceeding the penalty of the bond. But where, as in the case at bar, all the sureties on each bond are liable, and each is liable to the succeeding administrator for the total defalcation, there can be no question that all the sureties on both bonds may be made parties to the proceeding, that the judgment may be rendered against all for the amount found to be due, and that execution may issue against any one. And it would seem that in this proceeding, judgment is not rendered for the penalty of the bond, to be discharged by payment of the damages assessed, but that the court is authorized by the statute to enter judgment for the amount found due, not to exceed the penalty for which any surety may be liable, upon which judgment execution goes in the ordinary form.

There is no evidence in the case tending to show that Mr. Green ever paid any thing upon the second bond. The money paid by the four bondsmen was paid on the general liability, and of course that paid by Mr. Green, in the absence of any directions from him at the time it

was received, is not to be applied to the discharge of the second bond. The question of the liability of the several bondsmen, as between themselves, is one thing, and that of the liability of the sureties to those interested in the estate is quite another thing. With the question of contribution the trial court had nothing to do. It will be his misfortune if, for any reason, any one surety has to pay more than his fair proportion of the loss; but, so far as the estate is concerned, each surety, of course, is severally liable for the whole amount of any defalcation which is within the penalty of his bond.

Objection was made at the trial to the introduction of an annual settlement of Gambs. It was not conclusive against the sureties; but as a sworn statement and admission of the principal in the bonds, it was competent. The facts contained in this statement were admitted without objection towards the close of plaintiff's case; so that this objection need hardly be considered. The evidence as to the amount of the indebtedness of Gambs to the Raddin estate was very clear.

We see no error in the record to warrant a reversal of the judgment, and with the concurrence of all the judges it is affirmed.