AMANDA MCGLOTHLIN *v.* W. J. WYATT *et als.*

GUARDIAN BOND. *Release of surety.* The securities upon a guardian bond are not released by the execution of another bond by the guardian, upon order of the court to give *other* and *better security*, nor are the sureties upon the last bond primarily liable.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin. H. H. LURTON, Ch.

G. W. & B. F. ALLEN for complainant.

SEAY & TURNER for defendants.

MCFARLAND, J., delivered the opinion of the court.

This is a bill against a guardian and his sureties for an account, and the general correctness of the decree in complainant's favor is not questioned. J. F. Gray, one of the sureties, however, appeals, and in-

sists that he was discharged by the execution by the guardian of a new bond with new sureties; or if not that, the sureties on the last bond are first liable. The first bond, with Denning and Gray as sureties, was executed on the 9th of March, 1868, in the penalty of $1,500, with the usual conditions. On the 28th of November of the same year the County Court made the following order:

"It is ordered by the court that the clerk of this court issue a notice to Wm. J. Wyatt to appear before the judge of the court at the court house in Gallatin the 12th of December, 1868, and give other and better security as the guardian of Amanda Mc-Glothlin, and in the meantime the commissioner, John L. Bugg, will not pay over to said Wyatt any funds in his hands going to the said Amanda McGlothlin."

The money or means referred to in the hands of Bugg was the proceeds of real estate sold. On the 12th of December this order was made: "Wm. J. Wyatt having been notified to appear before this court and give other and better security as guardian of Amanda McGlothlin, whereupon the said Wyatt and J. H. Milliken and A. K. Milliken, his sureties, appeared in open court and acknowledged their bond to the State of Tennessee in the penalty of $1,500 according to law." And then it is recited that as Wyatt has given good and solvent security, Bugg is ordered to pay over the money.

Gray alleges in his answer, and testifies in his deposition, that some time in the summer of 1868 he gave the Clerk of the County Court notice that he

would not be responsible any longer on the bond of Wyatt, and required him to proceed to collect the money already paid him, and have him released. He learned afterward that a new bond had been given, and he considered himself released. It is clear that the new bond was not taken under sections 3672 or 3675 of the Code for the purpose of releasing or indemnifying Gray. This is settled by the case of *Johnson* v. *Johnson,* 6 Heis., 240. The orders of the court show that the new bond was taken not to release either of the first securities, or upon their application, but because the court required other and better security additional to that already given.

It is next insisted that the opinion at the present term, in *Tenniessee Hospital* v. *G. Fuqua et al.,* decides that the sureties on the last bond are first liable. It will be found, however, that the opinion in that case decides the rule contended for in reference to the regular biennial renewal bonds of the guardian, upon the theory that each renewal under these provisions is a recommittal of the estate to the guardian for a new term of two years; but this would not apply to two bonds given during the same term and covering the same term, especially when the last is given because the sureties on the first are not solvent. This is the same in effect as if the last sureties had signed as additional sureties on the first bond. The terms and conditions of the two bonds are the same—it is for the performance of the same duty, and they are merely cumulative. The reasons upon which the sureties on the regular biennial renewal bond are held to

be liable before the sureties on a former bond, do not apply in a case of this sort. The present case is analogous to the case of *Odom* v. *Owen et al.*, 2 Jere Baxter, 446.

The decree of the Chancellor will be affirmed with costs