Laura L. Arthur, Appellee, v. John J. Doyle et al.
On Appeal of John J. Doyle, Appellant.
Gen. No. 19,410.

1. FORCIBLE ENTRY AND DETAINER, § 116*—*when recovery on one
appeal bond no bar to suit on another*. Where in a forcible entry
and detainer suit a bond was given by defendant on appeal from a
justice's court and another on appeal from the Circuit Court, *held*
that an action to recover on the second bond was not barred by a
recovery on the first one, where the action on the first bond did
not seek to recover damages for the use and occupation of the
premises after the date of the appeal to the Circuit Court.

2. ACTION, § 55*—*what does not constitute splitting of cause of
action*. Suits on different bonds which are separate contractual
obligations and cumulative securities, *held* not to constitute split-
ting of a cause of action.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR
J. PETIT, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1913. Affirmed. Opinion filed June 9, 1914.
*Certiorari* denied by Supreme Court (making opinion final).

J. AMBROSE GEARON, for appellant.

LAVERN W. THOMPSON, for appellee.

MR. JUSTICE BARNES delivered the opinion of the
court.

In a case of forcible entry and detainer, judgment
was rendered in favor of appellee against appellant
before a justice of the peace, also on appeal to the Cir-
cuit Court, and again on further appeal to this court.
The bond given on appeal from the justice's court was
in the penal sum of $1,000, with one Peter Doyle as
surety, and that given on appeal from the Circuit
Court was for $1,500 with said Peter Doyle and one
William H. Griffin as sureties. This suit is brought
upon the latter bond. For brevity we shall refer to
these two bonds as the first and second bond respect-
ively.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same
topic and section number.

Subsequently, appellee recovered judgment in the Municipal Court of Chicago on the first bond against principal and surety for $1,000 debt and $289.52 damages (which were duly paid), and later began this suit and recovered judgment on the second bond against appellant and the two sureties thereon for $1,500 debt and $1,050 damages, from which appeal is prosecuted by appellant Doyle only. The premises were withheld by appellant from November 1, 1905, to September 30, 1906, when they were surrendered,—a period of eleven months.

Appellant pleaded recovery of judgment on the first bond and satisfaction thereof, and that the condition of the two bonds was the same, namely, to pay all rent due and to become due before the final determination of the suit and all damages and loss plaintiff might sustain by reason of the withholding of the premises in controversy, etc.

To the plea appellee filed her replication to the effect that in the suit on the first bond no claim was made in the pleadings or otherwise for damages for the use and occupation of said premises accruing after January 8, 1906 (the date of appeal to the Circuit Court), and no proof thereof was introduced. A demurrer to the plea and one to the replication were overruled. Defendants elected to stand by their demurrer to the replication. In the suit at bar the declaration seeks to recover damages suffered and sustained for withholding the premises after January 8, 1906.

Appellant contends that the judgment on the first bond conclusively settled the question as to the amount of damages appellee sustained in withholding the premises and was an adjudication of that fact, and operated as an estoppel. The theory upon which he urges the doctrine is that in the first suit appellee could have obtained an assessment for all damages that accrued during the entire period the premises were withheld. This is probably true. The entire damage had been

sustained before either suit was brought, and being cumulative securities plaintiff could have brought suit on either or both bonds for the entire damage so sustained. But this fact does not furnish the real test. "The true test is identity of issues." 23 Cyc. 1300.

It was said in *Cromwell v. County of Sac.* 94 U. S. 351, that:

"Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." See also 23 Cyc. 1300 for other authorities.

It is pleaded by the replication in this suit, and admitted by demurrer thereto, that there was no attempt to recover damages in the former suit for withholding the premises after January 8, 1906. By admission, therefore, the questions controverted in the two suits were entirely different, one being for damages prior and the other for damages subsequent to January 8, 1906. The presence of an additional party to this suit does not, in our opinion, affect appellant's right to plead an estoppel, all parties to the former suit being parties to this, but the difference in the issues of the two suits does.

Because the suit on the first bond purports to have been for damages accruing during the first three and one-quarter months of said period, and the suit on the second bond for damages accruing during the remainder of the period, it is claimed that appellee split her cause of action. We do not so regard it. The suits were on different bonds which were separate con-

tractual obligations and cumulative securities. This is not a case of two suits on the same bond, or for the same cause of action.

At the trial Doyle offered in evidence the record of the suit brought upon the first bond and offered to prove payment of the damages assessed therein, viz., $289.52, but objections to the offers were sustained, and properly, because such record did not support appellant's plea that the rent and damages recovered in the former suit are the same as the rent and damages sought to be recovered in the suit at bar, and the burden was on appellant to sustain such defense.

Besides, the record of the former suit offered in evidence contains nothing from which the precise matter there in controversy can be definitely determined. All there is in said record pointing to the subject of controversy is a bill of particulars claiming rental value of the premises for three and one-quarter months' rent and damages thereto and an attached copy of the appeal bond sued on. Otherwise the record offered throws no light upon the subject of controversy as it does not contain the evidence heard in the case.

The only real question left for the consideration of the jury, therefore, was the amount of damages. As to that it is claimed there was a recovery in the first suit for rental value for three and one-quarter months, and in this suit for eight and three-quarters months, thus allowing recovery for twelve instead of eleven months' detention. We find nothing in the evidence or instructions to support this contention. The jury were given to understand by the instructions that the damages sought were for detention after January 8, 1906, and not for any specific number of months.

The instructions were material only so far as they relate to damages. We do not think they were misleading, at least so as to justify a new trial, for the evidence was ample to support the judgment, which will be affirmed.

*Affirmed.*