### COUNTY OF PENNINGTON v. CHRIST GIMMESTAD.[1]

February 4, 1927.

No. 25,881.

**Correct for county to bring one action to recover balance due from insolvent bank and all its sureties on different bonds.**

A bank, which had been designated as a depository of county funds, gave three bonds in the form prescribed by G. S. 1923, § 848. The bonds were executed and approved at different times, were for different amounts, provided for the payment of different rates of interest and were executed by different sureties. The bank failed and the county brought an action against it and the sureties on each of the bonds to recover the amount of the deposit. The complaint was demurred to on the ground that several causes of action were improperly united. *Held* that the demurrer should have been overruled.

Actions, 1 C. J. p. 1102 n. 66, 67, 69.
Depositaries, 18 C. J. p. 595 n. 64.
Principal and Surety, 32 Cyc. p. 17 n. 18; p. 277 n. 60.

Plaintiff county of Pennington appealed from an order of the district court for that county, Grindeland, J., sustaining a demurrer to the complaint. Reversed.

*Theo. Quale*, County Attorney, for appellant.

*G. Halvorson*, for respondent.

LEES, C.

This is an appeal from an order sustaining a demurrer to the complaint, interposed on the ground that the facts pleaded do not con-

[1]Reported in 212 N. W. 185.

stitute a cause of action, and on the further ground that the alleged causes of action set forth are improperly united.

The action was brought to recover the balance due Pennington county from the Goodridge State Bank, which had been designated as a depository of county funds and had given bond as required by G. S. 1923, § 848. There were three bonds, executed and approved respectively in February, 1924, October, 1924, and November, 1925. A copy of each was attached to the complaint and made part thereof. The first was for $5,000; the second for $30,000; and the third for $15,000. The sureties are not the same. Respondent is one of the sureties on the third bond. The first bond provided for the payment of interest at the rate of three per cent per annum on monthly balances which were payable on demand; the second, for the payment of interest at the same rate on all monthly balances; and the third, for the payment of interest at the rate of three per cent on monthly balances payable on demand and at the rate of five per cent on time deposits. Each bond secured the payment of funds "which may hereafter be or have heretofore been deposited."

The trial court was of the opinion that the three causes of action had been improperly joined because no two bonds are alike; the rates of interest are different; the bonds cover different periods of time, and neither the sureties nor the amounts are the same.

Burns v. Van Buskirk, 163 Minn. 48, 203 N. W. 608, goes to the point. There is but one cause of action against the bank. The respondent surety is liable, if liable at all, for the whole amount due from the bank, for it is less than the amount of the bond to which he is a party. There will be some difficulty in framing a judgment which will adjust the liability of the several sureties as among themselves, but that does not affect the question raised by the demurrer, which is wholly a question of pleading. All the sureties are affected by this action and are interested in the outcome thereof. If only the sureties on the third bond had been sued and they had been compelled to pay the whole amount due to the county, they could call upon the sureties on the other bonds for contribution. National Surety Co. v. Becklund, 169 Minn. 177, 210 N. W. 882;

County of Wilkin v. First State Bank of Rothsay, supra, page 115. Or, if the county had brought three separate actions, it would have been proper to consolidate them and to put the judgments in each in such form as to permit but one satisfaction of the debt from all the sureties who were liable. In a case such as this, it seems to us that it is a sensible rule to permit the joinder of all the sureties in one action in order that their relative rights and obligations may be determined without a multiplicity of actions. Primarily the bank is liable to the county. The sureties' liability is secondary. It arises by reason of the bank's default, which gave rise to but one cause of action. We hold that there was no misjoinder.

It is too clear for argument that the complaint states a cause of action, and, as we understand it, that point is not pressed.

Order reversed.