STATE *ex rel.* CONNELLSVILLE BY-PRODUCT COAL COMPANY *v.* CONTINENTAL COAL COMPANY *et al.*

(No. 8189)

Submitted April 8, 1936. Decided May 19, 1936.

LITZ and MAXWELL, JUDGES, dissenting.

*Frank C. Haymond* and *Frank Cox*, for plaintiff in error.

*Amos & Amos* and *E. M. Showalter,* for defendants in error.

HATCHER, PRESIDENT:

This writ involves the judgment of the circuit court in favor of defendants, on the plea of *res judicata,* of defendant, Continental Coal Company.

This action is in debt, and was instituted in 1931 by the State, suing on behalf of Connellsville By-Product Coal Company against Continental Coal Company and The Fidelity and Casualty Company. The declaration alleges that in 1926, Continental Coal Company secured an injunction against the Connellsville Company and executed an injunction bond for $12,500.00 (surety not mentioned) ; that subsequently an additional injunction bond of $7,500.00 was executed by the two instant defendants; that later the injunction was dissolved; that the injunction caused the Connellsville Company to sustain damages amounting to $76,356.70, consisting of twenty-five separate items of damages which are listed; and that the defendants, though requested, have refused to pay the plaintiff the sum of $7,500.00.

The plea of *res judicata* alleges that the plaintiff herein impleaded Continental Coal Company at the November term, 1928, of the circuit court of Marion County, in a certain motion for judgment "to the damage of the plaintiff of $76,359.70 for not performing the very same promises, in the said declaration mentioned," and recovered in that proceeding a subsisting judgment for $12,-500.00 against Continental Coal Company. A demurrer to the plea was overruled and the plea was tried before the court. It there appeared that the notice of motion for judgment (named in the plea) was addressed by the instant plaintiff to Continental Coal Company, H. W. Showalter, G. K. Barrickman and F. E. Christopher, and that the notice alleged the granting of the injunction referred to in the instant declaration; the execution of an injunction bond of $12,500.00 (the one for that sum referred to in the declaration) by the four defendants to

the notice; the dissolution of the injunction; and damages to plaintiff by the injunction of $76,359.70, composed of the same twenty-five items of damages which are listed in the instant declaration. It further appeared that each item was put in issue generally; that the major items of damages claimed by plaintiff (attorney's fees of $35,000.00 and damages to a mine of $38,921.01) were specially contested; and that a verdict and judgment for $12,500.00 was awarded plaintiff, which with costs was paid by Continental Coal Company.

The conditions of the two bonds are identical. Each bound the several obligors, in case the injunction should be dissolved, to pay all costs incurred and damages sustained by the Connellsville Company, which Continental Coal Company should fail to pay.

The common law rule *nemo debet bis vexari pro una et eadem causa,* no man shall be twice vexed for one and the same cause, would seem to be its own interpreter; but in order that the rule may be applied with uniform precision, the courts have agreed that certain entities must concur to make a second action a second vexation. The two actions must have (1) substantially the same parties who sue and defend in each case in the same respective character, (2) the same cause of action, and (3) the same object. *Collins* v. *Treat,* 108 W. Va. 443, 451, 152 S. E. 205; Freeman on Judgments (5th Ed.), sec. 671; Black on Judgments (2d Ed.), sec. 610. A comparison of the two actions in question discloses that they have (1) the same plaintiff (the State suing on behalf of The Connellsville Company) and the same principal defendant (Continental Coal Company), the one suing and the other defending in each case in the same respective character; (2) the same cause of action, i. e., the failure of Continental Coal Company, upon the dissolution of the injunction, to pay the damages it had occasioned the plaintiff; and (3) the same object, i. e., recovery (*pro tanto*) upon the same items of damage. It has been said also that a test of a second vexation is whether the same evidence will sustain both actions.

*Gallaher* v. *Moundsville,* 34 W. Va. 730, 734, 12 S. E. 859, 26 Am. St. Rep. 942; *Paper Co.* v. *Purdy,* 136 App. Div. 189, 120 N. Y. S. 342; Freeman, *supra,* sec. 687; 34 C. J., subject Judgments, sec. 1226; 15 R. C. L., *idem,* sec. 439. Identity of evidence herein is conceded by plaintiff. We are mindful that the sums demanded in the two actions are different; but that difference is not material on the question of *res judicata* since both demands arise from the same alleged damages, a mine exhaustively worked in the first action. *Brady* v. *Parish,* 26 La. Ann. 320; *New Orleans* v. *Bank,* 167 U. S. 371, 396, 17 S. Ct. 905, 42 L. Ed. 202; Freeman, *supra,* sec. 683. Neither is the difference in the personnel of the defendants, who are secondarily liable, of importance. "It is not necessary that precisely the same parties were plaintiffs and defendants in the two suits; provided the same subject in controversy, between two or more of the parties, plaintiffs and defendants to the two suits, respectively, has been in the former suit directly in issue and decided." *Western Co.* v. *Cannel Co.,* 10 W. Va. 250. Accord: *Thompson* v. *Roberts,* 24 Howard (U. S.) 233, 241, 16 L. Ed. 648; Jones, Comm. on Ev. (2d Ed.), sec. 1810; 15 R. C. L., subject Judgments, sec. 485. In such case, when a prior adjudication has exempted from further vexation the defendant primarily liable for damages, the benefit of that exemption is extended to a co-defendant secondarily liable. *Sawyer* v. *Norfolk,* 136 Va. 66, 116 S. E. 245; *Eccles* v. *Casket Co.,* 152 Iowa 164, 130 N. W. 113, Van Fleet, Former Adjudication, sec. 572.

Against the concurring identities, plaintiff takes the following position:

"The two bonds in question are cumulative, covering the same damages, and each bond was liable for the costs and damages incurred, but the sureties thereon being different, two actions were necessary to recover the respective penalties of the bonds. * * * The issue in the first action was upon a different bond, made at a different time by different parties with the penalty in a different amount. No other issue or cause of action arose in the

first case. No evidence as to any other bond was or could be considered by the jury. No liability and costs or damages beyond the penalty of the first bond was or could have been considered by the jury and no such liability beyond the penalty of the first bond could have been determined by the jury. No greater sum than $12,500.00 could have been found or considered by the jury in the first action. The jury did not find that there were not costs and damages in excess of $12,500.00, for no such function was legally in the power of the jury."

The defendants respond:

"The plea of res judicata does not challenge the right to institute and maintain separate actions. What it does challenge is the right, even under separate or successive bonds, to recover twice for the same identical damages. If the plaintiff in his second suit had stipulated any item of damage which had not been the subject of adjudication in the former suit, there would be no question as to his right to recover on the second bond. But when he has elected to set out in his declaration and bill of particulars the identical items upon which he had recovered judgment, and been paid in the former case, he is estopped by the plea of res judicata, not because successive actions cannot be maintained on successive bonds, but because he cannot recover twice for the same items of damage. * * * All the items were before the jury in the former trial; evidence was submitted in support of each and every item claimed; who can now say what are those items which constituted the basis of the jury's verdict? Who can say but that the jury in passing upon the evidence found the amount of the v e r d i c t was the full amount which the plaintiff was entitled to recover?"

We are of opinion that defendant's answer is well made. The position of plaintiff, summarized, is that the cause of each action is *the bond;* that the two actions differ because the two bonds differ in penalties and sureties; and that joinder of the several sureties in one action is not permissible, making separate actions necessary. That position is unsound. (a) The cause of each action

(as already stated) is the failure of Continental Coal Company, upon the dissolution of the injunction, to pay the damages it had occasioned the plaintiff. (b) The differences in the bonds do not make the actions different. The bonds relate to the same matter, have the same condition, and are cumulative. Every surety is equally liable *pro tanto* for a default of that condition, they are all regarded as *co-sureties,* and as if bound by one instrument, in proportion, however, to the penalties of their respective bonds. This doctrine, first pronounced by Lord Chief Baron Eyre in 1787 in *Dering* v. *Winchelsea,* 1 Cox 318, has found ready acceptance in the States. He said: "What difference will it make if they (sureties) are severally bound, and by different instruments, but for the same principal, and the same engagement? In all these cases the sureties have a common interest and a common burthen: they are joined by the common end and purpose of their several obligations as much as if they were joined in one instrument, with this difference only, that the penalties will ascertain the proportion in which they are to contribute." Accord: *Remage* v. *Marple,* 76 W. Va. 379, 85 S. E. 663; *Rosenbaum* v. *Goodman,* 78 Va. 121, 127; *Surety Co.* v. *Di Marsico,* 55 Misc. 302, 105 N. Y. S. 272; *McGlothlin* v. *Wyatt,* 69 Tenn. 717, 719; *Dugger* v. *Wright,* 51 Ark. 232, 235, 11 S. W. 213, 14 Am. St. Rep. 48; *Stevens* v. *Tucker,* 87 Ind. 109, 122-3; *Loring* v. *Bacon,* 57 Mass. 465; *Jones* v. *Hays,* 38 N. C. 502, 44 Am. Dec. 78; Pingrey on Suretyship (2d Ed.), sec. 203; 21 R. C. L., subject Principal and Surety, sec. 4. (c) The West Virginia Code, 55-8-7 has the following sweeping innovation on common law procedure: "The holder of * * * any instrument * * * in any action at law or proceeding by notice for judgment on motion thereon, may join all or any intermediate number of the persons liable by virtue thereof * * * although the promise of the makers, or the obligations of the other persons liable, may be joint or several or joint and several." The purpose of such statutes is "to destroy the distinction between joint, joint and several, and several liabilities." Pomeroy

Code Remedies (5th Ed.), sec. 301. Our statute is said to afford the holder of an instrument "A surer and quicker remedy to collect his money than he formerly had * * * and also to avoid a multiplicity of suits." *Bank* v. *Oil Co.*, 66 W. Va. 505, 507, 66 S. E. 713, 28 L. R. A. (N. S.) 511. Being remedial, the statute should not be given a technical or limited construction. *Idem.* For jurisdictions having statutory provisions more or less similar to ours, see Pomeroy, Remedies and Remedial Rights (2d Ed.), sec. 402, *et seq.* In such jurisdictions, it is uniformly held that co-sureties, though on different bonds, may be joined in one action on the bonds. *Siebern* v. *Meyer,* 11 Ohio Dec. (Reprint) 344, 346-7; *Powell* v. *Powell,* 48 Cal. 234; *Singer Mfg. Co.* v. *Ponder,* 82 Tex. 653, 18 S. W. 152; *Allen* v. *Stevens,* 61 Ind. 268, 28 Am. Rep. 673; *Lewis* v. *Gambs,* 6 Mo. App. 138; *Holeran* v. *School Dist.,* 10 Neb. 406, 6 N. W. 472; *Gilbert* v. *Board,* 45 Kan. 31, 25 P. 226, 23 Am. St. Rep. 700; *Peoples Bank* v. *Nelson,* 37 Okla. 500, 132 Pac. 493; 1 C. J., subject Actions, sec. 265; Stearns on Suretyship (3rd Ed.), sec. 144. The fact that the penalties of the bonds are in different sums, and that "there may be some difficulty in framing a judgment which will adjust the liability of the several sureties as among themselves" does not affect the right to join the sureties in one action. *Pennington* v. *Gimmestad,* 170 Minn. 164, 165, 212 N. W. 185; *Syme* v. *Bunting,* 86 N. C. 175, 177. Since the two bonds herein may be regarded as one instrument, the statute applies; and joinder of the several sureties in one action on the entire demand was optional with the obligee. Joinder being permissible, separate actions involving the same subject matter cannot be justified on the ground of necessity. (d) Furthermore, the statement of plaintiff that "No liability and costs or damages beyond the penalty of the first bond was or could have been considered by the jury" is inconsistent with its own expressed theory of the two actions, to-wit: "The same damages were specified in the motion for judgment in which a recovery on the first bond in the amount of $12,-

500 was had, that are specified in the declaration in this action of debt, the theory of the plaintiff in this action being that the whole damages were properly provable in both actions. * * * If the plaintiff must split its items of damages and allocate them against each bond it runs the risk of not being allowed enough of each item of its claim to equal the penalty of each bond." It thus appears that plaintiff purposely alleged and purposely put in issue at the first trial every item of its alleged damages, in order to insure a verdict for the full penalty of the first bond. Every such item (except perhaps the court costs) was contested. It is inconsequential now whether all the alleged damages were specifically included in that verdict. Plaintiff will not be heard to say now that a consideration of its entire proof was not involved in and necessary to the *quantum* of the verdict. Under such circumstances, "It is not the recovery (of itself) but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel," said Lord Ellenborough, in *Outram* v. *Morewood,* (1803) 3 East 346, 355. That principle, accepted by all leading authorities, is expressed more concretely in *Burlen* v. *Shannon,* 99 Mass. 200, 203, as follows: "The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded." Accord: *Blake* v. *Rr. Co.,* 47 W. Va. 520, 526-7, 35 S. E. 953; *Rauwolf* v. *Glass,* 184 Pa. 237, 39 Atl. 79, 80; *Pray* v. *Hegeman,* 98 N. Y. 351; *School Trustees* v. *Stocker,* 42 N. J. Law 115; *Fuller* v. *Eastman,* 81 Me. 284, 286, 17 A. 67; *Trayhern* v. *Colburn,* 66 Md. 277, 7 Atl. 459; Jones, *supra,* sec. 1839; Black, *supra,* secs. 613, 616; Freeman, *supra,* sec. 688; 34 C. J., subject Judgments, sec. 1336; 15 R. C. L., *idem,* sec. 451.

We are cognizant that in *U. S.* v. *Hoyt,* 26 Fed. Cas. 403, No. 15, 409, it was held that a plea which set up a judgment upon the second of two official bonds given by the same principal but with different sureties, and which averred that the two actions were identical was

not a good plea. And that a like ruling was made in
*Ellis* v. *State,* 2 Carter (Ind.) 262. But the basis of each
decision was that the judgment plead as a bar *had not
been paid.* The *Hoyt* opinion specifically stated that the
pleader should have "gone further and have averred * * *
that satisfaction had followed the judgment on the first
bond." The *Ellis* opinion specifically stated that the
plaintiff had the right to proceed in both actions "until
he obtained satisfaction of the amount to which he was
entitled." The word "satisfaction" as used in these
opinions has a distinct legal significance. The word does
not refer to the personal gratification of a plaintiff, but
signifies payment of an adjudicated sum to him. When
an unliquidated claim is reduced to judgment and paid,
the party aggrieved is said to be satisfied legally, no
matter how badly he is disgruntled personally at the
exiguity of the judgment. Consequently, those decisions
are not authority, as plaintiff contends, for its right to
proceed "until there is complete satisfaction of its claim
to the extent it is covered by both bonds." The *Hoyt*
decision limited the satisfaction required to the judgment
therein. That decision, by inference, favors the de-
fendants herein, since the judgment they plead *has
been fully satisfied.* The *Ellis* decision required payment
not of the full amount of the two bonds therein, but
merely of the amount to which that plaintiff *was lawfully
entitled.* The plaintiff herein having elected voluntarily
to litigate every item of its alleged damages in the first
action, and having received full payment of the judgment
secured by that litigation, cannot say now with persua-
sion that it has not received the full amount to which
it was entitled for those items.

The judgment is affirmed.

*Affirmed.*

LITZ, JUDGE, dissenting:

I am unable to agree with the conclusion of the court,
sustaining the special plea of *res adjudicata.* The opinion
is largely devoted to the question of whether the plaintiff

could have declared on both bonds in one action. A decision on this question one way or the other does not settle the issue of *res adjudicata*, the sole matter under consideration. In *Collins* v. *Treat*, 108 W. Va. 443, 152 S. E. 205, *res adjudicata* is defined as follows: "The doctrine of *res adjudicata* is a very proper and important principle of law, though technical in nature. Its purpose is to put an end to litigation, but it is to be applied in the furtherance of justice and not in destruction thereof. There are fixed requirements which may not inaptly be referred to as conditions precedent to its application. There must be concurrence of four things: '(1) Identity in the thing sued for; (2) identity of the cause of action; (3) *identity of persons, and of parties, to the action;* (4) identity of the quality in the persons for or against whom the claim is made.'"

Assuming that the other requisites are present in this case, the plea is clearly insufficient because of want of identity of parties and identity in the thing sued for. Damages to the extent of $12,500.00 was the thing sued for in the former action while the subject matter of this action is a claim for damages in the amount of $7,500.00. "A former judgment is not a bar to a subsequent action between the same parties if the subject matter involved in the two actions is not identical, * * *." 34 C. J., 811. The bringing of the two actions did not constitute the splitting of a cause of action. *Arthur* v. *Doyle,* 187 Ill. App. 269. The opinion recognizes *U. S.* v. *Hoyt,* 26 Fed. Cas. 403, No. 15, 409, and *Ellis* v. *State,* 2 Carter (Ind.) 262, which decide the question, but seeks to distinguish them on the ground that the former judgment relied on in each case had not been discharged at the time it was pleaded as *res adjudicata*. In each of those cases the judgment upon the first bond was for the full amount of the debt, and payment thereof would necessarily have been complete satisfaction. The principle of *res adjudicata* depends solely upon the recovery of a former judgment. Whether the judgment has been satisfied or not makes no difference. The fact that the former judgment

here pleaded has been satisfied is without legal bearing on the question now being considered as to whether the same items of damage may be twice considered in separate actions on two bonds with different sureties executed to secure the full payment of all the damages suffered. Granting that the two bonds might have been joined in the original action, it does not follow that there may not be a separate action on the second bond.

Judge Maxwell concurs in this note of dissent.