# I. A. GIBBS v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

March 13, 1914.

Nos. 18,481—(284).

**Construction of finding.**

1. A finding, evidentiary in character, in the absence of a specific assignment, is *held* a sufficient finding that the plaintiff was not depending upon her husband for support within Laws 1913, c. 318.

**Widow's pension.**

2. The fact that the widow of a deceased fireman had separated from him, and was obtaining a living from an immoral occupation, does not prevent her from receiving a pension under Laws 1907, c. 24, and the defendant's articles and by-laws.

**Construction of act.**

3. Laws 1913, c. 318, defining the term "widow" as used in Laws 1907, c. 24, relative to pensions for firemen, was intended to apply as of that date to widows then receiving pensions as well as widows who might thereafter claim them.

**Pension of firemen — Constitution.**

4. As between the state and members of the fire department the pension is a gratuity; and the state may take it away, except so far as it has accrued, without affecting a vested right or violating the Constitution.

Action in the district court for Hennepin county to compel defendant to place plaintiff upon its pension rolls and to recover the sum of $25 per month from May, 1912, or such pension as plaintiff was entitled to under the statutes of the state and the by-laws of defendant. The case was tried upon stipulated facts before Molyneaux, J., who made findings and ordered judgment that plaintiff be placed upon the pension roll, and that defendant pay her a pension at the rate of $25 per month from May 10, 1912, during the balance of her natural life or until such time as she might marry again, and

1 Reported in 145 N. W. 1075.

ordered judgment in favor of plaintiff for the sum of $375. From an order denying its motion for a new trial, defendant appealed. Reversed.

G. A. Will, for appellant.

Morse & Chadburne and Paul J. Thompson, for respondent.

DIBELL, C.

By this action the plaintiff, the widow of a deceased fireman, seeks to recover a pension of $25 per month from May 10, 1912, the date of the death of her husband, a member of the defendant association, and to obtain judgment that she be placed upon the pension-rolls of the defendant while she remains a widow. There were findings for the plaintiff for the relief asked and the defendant appeals from an order denying its motion for a new trial.

The defendant is incorporated under Laws 1907, c. 24. By its articles and by-laws the widow of a deceased pensioner, while she remains unmarried, is entitled to a pension of $25 per month. The plaintiff's husband died on May 10, 1912. He was a pensioner at the time. She has not remarried.

By Laws 1913, p. 462, c. 318, approved April 16, 1913, amending section 8 of chapter 24, p. 32, Laws 1907, relative to the disposition of the pension fund, the term widow, before undefined, is defined thus:

"The term widow shall mean the wife of a fireman or pensioner who was married to the fireman or pensioner during the time that he was an active fireman, and shall not include a wife who has deserted such pensioner or fireman and has not been depending upon him for support, and shall not include the surviving common-law wife of such fireman or pensioner."

The claim of the defendant is that the plaintiff deserted her husband, and was not depending upon him for support; that she was conducting a house of ill-fame in Wisconsin, receiving the revenues therefrom, and thereby was precluded from receiving any pension at all; and that in any event she was entitled to no pension after April 16, 1913, the date of the passage of the act quoted.

1. The evidence is not before us. The case was tried upon a stip-

ulation of facts.  A stipulation of facts is not a part of the record unless made so by a settled case.  There is no direct finding, within the terms of the statute, that the plaintiff had deserted her husband or that she was not depending upon him for support.  The finding, however, that she and her husband separated many years ago and that she had supported herself from the revenues of a house of ill-fame, in the absence of a specific assignment of error, is sufficient.

2. The defendant insists that the plaintiff cannot participate in the pension fund because engaged in an immoral and illegal occupation.  We cannot so hold.  The by-laws and the articles, pursuant to the statute, give the pension to the widow of the deceased pensioner.  The plaintiff is the widow.  It is not for the court to make the contract or the statute but to construe and enforce them as it finds them.  Gollnik v. Mengel, 112 Minn. 349, 128 N. W. 292.

3. The act of 1913, defining the term "widow," intended to speak as of the date of its passage.  It was not intended to deprive a widow of pension money already accrued.  It was intended that from then on only a widow as there defined should have the benefit of a pension.

4. So construed the act is not unconstitutional.

As against the state there is no vested right in the pension accruing in the future  from month to month.  It may be taken away. The whole pension system may be abrogated without a violation of the Constitution.  A pension already accrued cannot be taken away.

A pensioner under the United States does not have a vested right in his pension.  United States v. Teller, 107 U. S. 64, 2 Sup. Ct. 39, 27 L. ed. 352.

In Macfarland v. Bieber, 32 App. D. C. 513, involving a fireman's pension in the District of Columbia, the court said:

"A pension is not granted because of any property right the pensioner has or may acquire in it, but purely as an act of gratitude from the bounty of the government.  The liability of the government to appellee was measured by the amount it owed him under existing law at the time Congress, by subsequent act, provided that further payments should cease upon his failure to comply with its provisions.  Any amount due appellee at the time of the happening

of the event (the making of the order discontinuing his pension) had vested, and could not be withheld."

The same principle is recognized under similar facts in Rudolph v. United States, 36 App. D. C. 379, where the court said:

"The statute differs from a contract in that the government may withdraw the benefits conferred at any time it may deem advisable, after a party enters the service, either before or after the right to a pension accrues. It also follows that, while there is no vested right in a pension which cannot be devested by the mere exercise of the legislative will, if relators have any rights they are vested ones so long only as the statute in question remains in force and unchanged, subject to be devested at any time that Congress may desire."

The same thought is expressed in Eddy v. Morgan, 216 Ill. 437, 75 N. E. 174, where the court says:

"A pension is a bounty springing from the graciousness and appreciation of sovereignty. It may be given or withheld at the pleasure of a sovereign power. Because one is placed upon a pension-roll under a valid law is no reason why that law may not be repealed and the pension cease."

In Head v. Jacobs, 150 Ky. 290, 150 S. W. 349, it was held that pensions existing could be revoked by repealing the act under which they were granted. The legislature may wholly abolish a pension or it may change its amount. Price v. Mayor, 22 Oh. Cir. Ct. 48.

The plaintiff to some extent relies upon Pennie v. Reis, 132 U. S. 464, 10 Sup. Ct. 149, 33 Sup. Ct. 426, affirming 80 Cal. 266, 22 Pac. 176, holding that a provision that there should be paid out of a fund created for the benefit of the members of a police force the sum of $1,000 at the death of a policeman could be repealed without constitutional objection prior to his death, and inferentially holding that it could not be repealed after his death. This case involves no difficulty. The sum to be paid was a single sum and of course would vest upon his death. The case of Cohrn v. Henderson, 19 Cal. App. 89, 124 Pac. 1037, involved a repeal before the vesting of the right to a pension. The same is true of Burke v. Board of Trustees, 4 Cal. App. 235, 87 Pac. 421. In Kavanagh v. Board of Police Pen-

125 M.—12.

sion Fund, 134 Cal. 50, 66 Pac. 36, the right to a specific sum had vested before the repeal.

Some of the California cases seem to hold inferentially, but not directly, that when the right to a pension accrues, though a continuing one from month to month, it cannot be taken away; but we take it to be deducible from the cases that the repeal of a pension statute takes away the right to a pension accruing in the future without affecting the Constitution. It does not take away a pension already accrued. The case of Stevens v. Minneapolis Fire D. R. Assn. 124 Minn. 381, 145 N. W. 35, where it was held that the plaintiff had a vested right to a pension of which he could be deprived only by due process of law, is consistent with the conclusion here reached. That was a controversy between the local association and a pensioner and there was involved no repeal or change of the statute upon which the pension system rested, and the right of the state to change the law was not in issue. So long as the pension system prevailed the pensioner on the rolls could not be deprived of his pension without due process of law.

The public money received by the defendant association comes from a one-tenth mill tax on the property of the city and from the two per cent tax paid to the state by the insurance companies upon premiums received from insurance within the city. These sums can be used only for the relief of sick, injured and disabled firemen, and their widows and orphans. The association requires annual dues of $8 per annum from each member. The association has other objects, calling for the expenditure of money, to which the public moneys cannot be devoted; and we conclude that the fact that the members pay annual dues is unimportant in the determination of this case.

The result is that the plaintiff is entitled to a pension from the time of the death of her husband until the passage of the act of 1913, but is not entitled to judgment placing her on the roll as a permanent pensioner.

Order reversed.