# DELLA V. MINEGAR v. MINNEAPOLIS FIRE DEPART-MENT RELIEF ASSOCIATION.[1]

July 10, 1914.

Nos. 18,570—(207).

**Pension of fireman's widow.**

1. Under Laws 1907, c. 24, as amended by Laws 1913, c. 318, the widow of a fireman, otherwise entitled to a pension, who was his common-law wife, is not entitled thereto, applying and following Gibbs v. Minneapolis Fire Department Relief Assn. 125 Minn. 174, 145 N. W. 1075.

**Same — enforcement of judgment by proceedings in contempt.**

2. Where prior to the passage of Laws 1913, c. 318, the defendant denied liability to the plaintiff, but upon action brought such liability was found by the court, and judgment directed accordingly, prior to the passage of Laws 1913, c. 318, and was entered afterwards, such judgment will not be enforced in proceedings by contempt where the widow was the pensioner's common-law wife.

**Act valid — class legislation.**

3. Chapter 318, Laws 1913, is not unconstitutional as class legislation because based upon an arbitrary distinction between widows of common-law marriages and widows of ceremonial marriages.

Plaintiff obtained from the district court for Hennepin county an order requiring defendant to show cause why it should not be punished for contempt in refusing to obey the judgment in an action requiring defendant to place plaintiff upon its pension roll as a pensioner of defendant from February 14, 1911, and to pay her the sum of $25 a month so long as she should remain unmarried. The matter was heard before Leary, J., who denied plaintiff's petition for an order declaring defendant in contempt. From the order denying the petition, plaintiff appealed. Affirmed.

*Healy & LaDu,* for appellant.

*G. A. Will,* for respondent.

1 Reported in 148 N. W. 279.

DIBELL, C.

This is an appeal by the plaintiff from an order denying her application for an order adjudging the defendant in contempt of court in refusing to place her upon its pension rolls as directed by a judgment entered on July 28, 1913, pursuant to findings of fact and conclusions of law made November 9, 1912.

1. Frank Minegar, a fireman belonging to the defendant association, died on February 14, 1911. He was placed on the pension rolls of the defendant as a permanent pensioner. As found by the court the plaintiff was his widow, and under the rules of the association and the statute was entitled to be placed upon the pension rolls as a pensioner and to receive $25 per month so long as she remained his widow.

By Laws 1913, p. 462, c. 318, approved April 16, 1913, it was provided that the term "widow" should "not include the surviving common-law wife of such fireman or pensioner." This statute was the subject of consideration in Gibbs v. Minneapolis Fire Department Relief Assn. 125 Minn. 174, 145 N. W. 1075. It was there held that as between the state and members of the fire department the pension was a gratuity, and the state could take it away except so far as it had accrued, without affecting a vested right or violating the Constitution; and that the term "widow" as used in the statute was intended to apply as of that date to widows then receiving pensions as well as to widows who might thereafter claim them. If the plaintiff, the widow of Minegar, was his common-law wife, she was not entitled to a pension after April 16, 1913. The defendant paid her pension until May 1, 1913, and refused to pay it longer.

2. In these proceedings for contempt it is conceded that the plaintiff was the common-law wife of Minegar. There is no issue for trial upon this question.

The plaintiff seeks a compliance with the judgment and claims that she is entitled to have it performed according to its terms so long as it remains unmodified. The judgment was properly entered. No fact has arisen since which requires its modification. It determined the relative rights and liabilities of the plaintiff and the defendant as the statute was at the time of the trial and the findings.

There was no finding that the plaintiff was Minegar's common-law wife. That fact was immaterial as the statute then stood. Upon the change of the statute, making the defendant no longer liable, the court would likely have enjoined the enforcing of the judgment, or by other proper procedure would have prevented the plaintiff making use of it. Upon the admitted facts it will not enforce it by contempt.

3. The plaintiff claims that chapter 318, p. 462, Laws 1913, is unconstitutional as class legislation in that it makes an arbitrary distinction between widows of a ceremonial marriage and widows of a common-law marriage. We see no merit in this contention.

Order affirmed.