MAE GAFFNEY, Appellee, v. JOSEPH YOUNG et al., Appellants.

**CERTIORARI: When Writ Lies—Denial of Policemen's Pension.** Certiorari is the proper remedy to test the legality of the action of the trustees of a policemen's pension fund in denying a pension to an applicant.

**CERTIORARI: Time of Proceedings—Rule of Timeliness.** An application for, and the issuance of, a writ of certiorari within twelve months of the occurrence of the illegality complained of, are timely.

**MUNICIPAL CORPORATIONS: Firemen's and Policemen's Pensions —Nature of Right.** The right to a pension under the Firemen and Policemen's Pension Act becomes a vested and enforcible right, upon the happening of the statutory facts which mature the right.

**MUNICIPAL CORPORATIONS: Firemen's and Policemen's Pensions —Bar by Lapse of Time.** The right to make application for and to enforce the allowance of a pension which has actually accrued under the Firemen and Policemen's Pension Act is barred by no lapse of time.

Headnote 1: 28 Cyc. p. 534 (Anno.)    Headnote 2: 11 C. J. p. 144. Headnote 3: 28 Cyc. p. 532.    Headnote 4: 28 Cyc. p. 534 (Anno.)

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

NOVEMBER 24, 1925.

THE district court, on the application of the petitioner, and over objections by the respondents, issued a writ of certiorari to review the action of respondents as a board of trustees of a policemen's pension fund, in denying a pension to petitioner. From the order issuing the writ, the respondents appeal.—*Affirmed.*

*F. H. Schmidt,* for appellants.

*Kindig, McGill, Stewart & Hatfield,* for appellee.

VERMILION, J.—The appellee, on October 22, 1924, filed in the lower court a petition against the appellants, the members of the board of trustees of the policemen's pension fund of Sioux City, asking for a writ of certiorari to review the action of the board in denying her a pension as the widow of a policeman who, as is alleged, died as a result of exposure in the performance of his duties. It was alleged that his death occurred on January 18, 1912, and that on September 10, 1924, the plaintiff filed with the board her application for a pension from the date of her husband's death, which the board, on October 20, 1924, arbitrarily rejected.

The appellants appeared in response to a notice of the time and place at which the application for the writ would be made, and set up a number of reasons why the writ should not issue. Of these, the ones now urged upon our attention may be summarized as follows: 1. That certiorari is not the proper remedy. 2. That appellee's alleged right to a pension accrued at the death of her husband, and more than twelve months before the application for the writ, and the action of certiorari was therefore barred. 3. That appellee's claim to a pension was barred by the statute of limitations. 4. That such claim was defeated by her laches. The facts upon which these contentions are predicated appeared on the face of the petition. The lower court issued the writ, commanding the board to certify the transcript and proceedings upon appellee's application to it for review. It is from this order that the appeal is taken.

The statute in force at the time of the death of appellee's husband was Chapter 13-B of Title V of the Code Supplement of 1913. It provided for the levy of a tax of one-half mill on

the dollar upon the taxable property within the limits of cities having an organized police department, for the purpose of creating a fund, to be under the control of a board of trustees, and exclusively devoted to the payment of pensions. It provided for a membership fee to be paid to the treasurer of the fund by members of police departments coming under its provisions, and assessments to be deducted from the policemen's salaries, and for certain other accretions to the fund.

It further provided, among other things, that, if any member of the police force should die because of any disease contracted by reason of his occupation as policeman, and leave a widow surviving him, there should be paid to such surviving widow, so long as she remained unmarried and of good moral character, a pension of $20 per month out of the policemen's pension fund.

I. Certiorari was a proper remedy. Section 12456, Code of 1924. In *Home Sav. & Tr. Co. v. District Court*, 121 Iowa 1, we said:

"It seems to be fundamental that, when a new jurisdiction is created by statute, and the court or officer exercising it proceeds in a summary mode, or in a course different from the common law, and a remedy for a revision of its exercise is not given by the statute creating it, *certiorari* from a court having general superintendence and control over inferior jurisdictions will lie for its revision."

1. CERTIORARI: when writ lies: denial of policemen's pension.

See, also, *Jewett v. Ayers*, 167 Iowa 431.

II. The petition herein for a writ of certiorari was filed and the writ issued within twelve months after the action of the board denying appellee's application for a pension, which action it was sought to have reviewed. The action was timely, under Section 12467, Code of 1924.

2. CERTIORARI: time of proceedings: rule of timeliness.

Counsel for appellants at this point relies upon cases holding that the general statutes of limitation commence to run when the cause of action accrues. They are not applicable to the point raised here, nor is the situation controlled by what was said in *Prescott v. Gonser*, 34 Iowa 175, in reference to the right to a writ of mandamus to enforce the performance of an official duty, and where it was held that a party

by neglecting to make a demand for action could not avoid the statute of limitations.

III. It has frequently been said that such a pension is not a matter of contract or vested right; that it is a mere gratuity or bounty from the sovereign power, to be given, changed,

3. MUNICIPAL COR-
PORATIONS: fire-
men's and po-
licemen's pen-
sions: nature
of right.

or withheld at its pleasure. *Eddy v. Morgan,* 216 Ill. 437 (75 N. E. 174); *Ryan v. Foreman,* 262 Ill. 175 (104 N. E. 189); *Pecoy v. City of Chicago,* 265 Ill. 78 (106 N. E. 435); *State ex rel. Risch v. Board of Trustees,* 121 Wis. 44 (98 N. W. 954); *Gibbs v. Minneapolis F. D. R. Assn.,* 125 Minn. 174 (145 N. W. 1075); *Pennie v. Reis,* 132 U. S. 464 (33 L. Ed. 426). But this is said of the right of the lawmaking power with respect to the pension, or to change the terms and conditions upon which it shall be given, prior to the happening of the event upon which the party becomes entitled to it, and has no reference or application to the right of a party within the class to receive the pension provided for by existing law upon the happening of the event which entitles him to receive it. Upon the happening of that event, and the existence of other facts entitling him to the pension, it cannot be doubted that his right, so far as relates to the obligations of the custodians of the fund to pay, and his right to receive, the pension then provided for, accrued and vested, and could then have been enforced. *Pennie v. Reis,* supra; *State ex rel. Risch v. Board of Trustees,* supra; *Stevens v. Minneapolis F. D. R. Assn.,* 124 Minn. 381 (145 N. W. 35); *Gibbs v. Minneapolis F. D. R. Assn.,* supra; *Rudolph v. United States ex rel. Stuart,* 36 App. D. C. 379; *O'Dea v. Cook,* 176 Cal. 659 (169 Pac. 366); *Dickey v. Jackson,* 181 Iowa 1155.

We are not concerned with any right or power of the legislature to affect by subsequent legislation the amount or terms of an existing pension. But see Section 932-q; Code Supplement of 1913 (Section 6323, Code of 1924).

The question here is whether, when the right of the appellee to a pension accrued and vested in her on the death of her husband, the right to enforce it may be wholly lost and barred by

**4. MUNICIPAL COR-PORATIONS: fire-men's and po-licemen's pen-sions: bar by lapse of time.** a failure to do so within the period of any statutory limitation. The act providing for the creation of the pension fund and for the payment of pensions from it fixes no limit of time within which application for a pension must be made or action to enforce the right commenced. The appellee's right to the pension—assuming it to exist—and to the payments to be made monthly would continue during her life, so long as she remained unmarried and of good moral character. The right was and is a continuing one, and, so far as present and future payments are concerned, we are of the opinion that it was one which she could enforce at any time, upon proof of the facts sustaining it. The situation is somewhat analogous to that of the breach of a contract to support another during his lifetime. Concerning such a contract we said in *Riddle v. Beattie*, 77 Iowa 168:

"The action is not barred by the statute of limitations, for the reason that defendant's contract is continuing, binding defendant to support plaintiff as long as she lives. Defendant is liable for breaches of the contract while it continues in force, which will be as long as plaintiff lives."

See, also, *McCay v. McDowell*, 80 Iowa 146; *Russel & Co. v. Polk County Abst. Co.*, 87 Iowa 233.

If appellee was, on the death of her husband, entitled to a pension, her right to present and future payments from the pension fund is not barred by any provision of the statute of limitations.

The ultimate question on this appeal is whether the writ was properly issued, and the only thing we are called upon to determine in this connection is whether the writ of certiorari should have been denied because appellee's claim was wholly and in all respects barred by the statute of limitations. Since we hold that it was not, the merits of her claim, further than this, or the extent to which her claim for back pension should be allowed, are questions that are not before us. Whether, and, if so, to what extent, or by what provisions of the statute of limitations, her claim to back pension may be barred, we do not determine.

Our conclusion finds support in *O'Conner v. Board of Trustees*, 155 Ill. App. 460.

Counsel for appellants relies upon *Nicols v. Board of Com.,* 1 Cal. App. 494 (82 Pac. 557), and *Lund v. Minneapolis F. D. R. Assn.,* 137 Minn. 395 (163 N. W. 742), as holding that a claim for a pension may be barred by the statute of limitations. In the latter case the plaintiff made application to be placed on the pension roll, which was denied, and he took no other steps to enforce his right for more than twelve years. It was held that the action then commenced was barred. In neither of these cases was the fact that the right to the pension was a continuing one considered.

IV.  What has been said on the subject of the statute of limitations also disposes of the claim that appellee was guilty of such laches as to bar her of all claim to a pension.

We reach the conclusion that the writ was properly issued, and the order is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.