ROY ROCKENFIELD, appellee, v. CHAS. B. KUHL, chief of fire department, et al., appellants.

No. 47806.

(Reported in 46 N.W.2d 17)

214

FEBRUARY 6, 1951.

M. E. Rawlings and Geo. F. Davis, both of Sioux City, for appellants.

Crary, DeWitt & Crary, of Sioux City, for appellee.

SMITH, J.—On May 1, 1922, the Board of Trustees of the Firemen's *Pension* Fund of Sioux City, Iowa, granted plaintiff a disabled firemen's pension pursuant to what is now chapter 410, Iowa Code, 1950. It was thereafter regularly paid him until on or about November 15, 1943.

On that latter date plaintiff pleaded guilty to a felony charge. On November 26, 1943, the Board of Trustees of the Firemen's *Retirement* System (organized under chapter 411 of said Code) voted to terminate his pension for that reason and in claimed accordance with then Code section 6316, now section 410.8, Iowa Code, 1950.

On November 25, 1949, this suit was commenced to compel restoration of the pension payments and collection of back unpaid installments. From a judgment and decree for plaintiff defendants have appealed.

I. For convenience and brevity we shall refer to chapter 410 as providing a *pension,* and 411 a *retirement,* system.

The pension system was in existence long prior to 1934 when the retirement system originated. Chapter 75, Acts of the Forty-fifth General Assembly, Extra Session. The board of trustees in charge of pension funds was composed of the fire chief, city treasurer and city solicitor or attorney. See present Code section 410.2.

The Act creating the retirement system set up a separate seven-member board to handle the funds of that system, consisting of the same three officials who constitute the pension board, plus two firemen (elected by the members of the department) and two nonofficial citizens appointed by the mayor with council approval.

However that same Act amended certain sections of the pension law including the section which set up the pension board,

now section 410.2. (See Forty-fifth Extra General Assembly, Chapter 75, section 14.) The Code section as it now stands has its original provision for the three-member board to which is added:

"Provided, however, that in any city where contributory fire and/or police retirement systems based upon actuarial tables shall be established by this act for the benefit of policemen and/ or firemen appointed to the force after the establishment of same, the board of trustees of each such system, respectively, shall also constitute the board of trustees for the management of each fund under this section as a separate and distinct fund in itself."

We interpret this labored language to mean that in any city in which the *retirement* system is established the board of trustees of that system becomes also the pension board, the funds of the two systems of course to be kept separate. The language is needlessly obscure and involved, made more so by the attempt to provide simultaneously for separate firemen's and policemen's systems.

Apparently this amendment was overlooked on the trial but in the view we take the oversight is immaterial.

II. The claim of authority to remove plaintiff from the pension roll on account of conviction for felony is based on the concluding language of Code section 410.8. After prescribing the method of determining disability for retirement purposes the statute concludes: "After any member shall become entitled to be retired, such right shall not be lost or forfeited by discharge or for any other reason except conviction for felony."

There is no affirmative provision for terminating a disabled fireman-pensioner's right to his pension, once established, except by a finding by proper procedure (including medical examination) that his disability has terminated. See Code sections 410.13 and 410.14. The latter section expressly says: "Such disabled member shall remain upon the pension roll unless and until reinstated in such department by reason of such examination."

We have held that while a pension is not a matter of contract or vested right so far as concerns the right of the law-

making power to change it by modifying or repealing the law, nevertheless when the right once has accrued it becomes vested "so far as relates to the obligations of the custodians of the fund to pay." Gaffney v. Young, 200 Iowa 1030, 1033, 205 N.W. 865, 867.

 Nor are we unmindful of the reluctance of courts to sanction statutory construction that favors forfeitures. State ex rel. Shaver v. Iowa Tel. Co., 175 Iowa 607, 622, 623, 154 N.W. 678; 37 C. J. S., Forfeitures, section 4b; State ex rel. Woodbury County etc. v. McGraw, 191 Iowa 1090, 1093, 1094, 183 N.W. 593; Reiger v. Turley, 151 Iowa 491, 501, 131 N.W. 866.

 We are not disposed to read into this negative statement of the statute pertaining to a right *to be retired*, an affirmative authority to forfeit a pension right already existing. It surely would not be asking too much of the legislature intending such a forfeiture that it say so unequivocally, or at least affirmatively, and provide proper procedure for accomplishing the intended result. We prefer to construe the language strictly against the pension authority as applicable to a situation where the member has "become entitled to be retired" but has not yet been placed on the pension roll.

It is elementary that laws creating pension rights are to be liberally construed with the view of promoting the objects of the legislature. 48 C. J., Pensions, section 3B, page 787; 40 Am. Jur., Pensions, section 4, page 963. This of course means strict construction against the authority. A careful reading of other sections of the statute prescribing procedure for terminating the pension right by reinstatement of the pensioner to active duty confirms us in our interpretation of the language here considered. Sections 410.9, 410.13, 410.14, Code of 1950.

 III. Defendants plead and argue the three-year statute of limitations. Section 614.1, paragraph 4. The court applied paragraph 5, the five-year statute, holding barred only the recovery of installments that were due five years or more before suit was instituted.

The present proceeding is twofold in character: It is brought (a) to compel the defendant trustees to return plaintiff to the pension rolls; and (b) to recover back installments of pension.

We think plaintiff's right to be and remain on the pension rolls is a continuing one, the right to which cannot be lost by failure to assert it. Assuming plaintiff was unlawfully declared disqualified he is still entitled to a pension and so far as present and future payments are concerned his right is one he can enforce at any time upon proof of the facts sustaining it. Gaffney v. Young, 200 Iowa 1030, 1034, 205 N.W. 865.

So far as concerns recovery of back pension however we think as each installment fell due a cause of action arose to enforce its payment. The statute of limitations commenced to run against these unpaid installments as they fell due. We disagree however with the trial court as to which limitation should apply. Defendants are public officers. The suit is to compel them to perform a public duty. Paragraph 4 of Code section 614.1 provides a three-year limitation as to actions against a public officer "growing out of a liability incurred by the doing of an act in an official capacity or by the omission of an official duty."

It follows the plaintiff's right of recovery was limited to those installments falling due within the three-year and not the five-year period preceding the commencement of action, together, of course, with those accruing since action was begun.

IV. It is argued in support of the decree that the ex parte action of the board was in violation of due process; also that the plaintiff was entitled to be reinstated because the Governor had issued him a so-called "Final Discharge from Suspended Sentence and Restoration of Citizenship."

Because of our disposition of the case on other grounds we need not decide these questions.

V. Finally it is urged the proceeding is by way of mandamus and the petition did not contain the essential allegations for that form of proceeding. The trial court gives the ready answer that the nature of the proceedings or the sufficiency of the pleadings was not questioned on the trial.

If defendants' position be correct it should have been urged at an appropriate time. Plaintiff would then have been entitled to amend to the proper proceeding. Iowa R. C. P. 107. We do not wish to be understood as passing on the procedural question. It is sufficient to say it was not properly or timely raised.

VI. The situation pointed out in Division I creates another question which however seems not to be raised in argument. The defendants are named here as "Trustees of the Firemen's Pension Fund," as indeed they are. But since the enactment of chapter 75, section 14, Acts of the Forty-fifth Extra General Assembly, the seven-member board was the Pension Fund board as well as the Retirement Fund board. Only three members were named as defendants. All were not made parties.

The situation is unusual but not fatal. If it be considered there was a defect of parties it was apparent on the face of the petition and waived by defendants' failure to object. Fred Miller Brewing Co. v. Capital Ins. Co., 111 Iowa 590, 596, 82 N.W. 1023, 82 Am. St. Rep. 529; Middle States Utilities Co. v. City of Osceola, 231 Iowa 462, 467, 1 N.W.2d 643.

The real party in interest is the fund which it is the duty of the board to administer according to law. The defendants are here, not in their personal but in their official capacity as trustees of the fund. They have defended in that capacity. Those not made parties could not have added anything to the defense. Nothing could be gained by remanding the case for further proceedings to which they could be made parties.

We are convinced the decree of the district court is right with such modification as is required by our holding in Division III. The case is remanded for that purpose and when so modified the decree will stand affirmed.—Modified and affirmed.

All JUSTICES concur except MANTZ, J., not sitting.