76 S.E.2d 683 (1953)
CAWLEY
v.
BOARD OF TRUSTEES OF FIREMEN'S PENSION OR RELIEF FUND OF CITY OF BECKLEY et al.
C.C.No. 805.
Supreme Court of Appeals of West Virginia.
Submitted April 15, 1953.
Decided July 7, 1953.
*684 James M. Henderson and Sayre, Lynch & Henderson, Beckley, for relator.
Benjamin D. Tissue, and Joseph Luchini, Beckley, for defendants.
LOVINS, Judge.
Roy L. Cawley, seeking a writ of mandamus to require the payment of pension benefits for permanent disability allegedly incurred while a member of the fire department of the City of Beckley, instituted this proceeding in the Circuit Court of Raleigh County, against the Board of Trustees of the Fireman's Pension or Relief Fund of the City of Beckley, a corporation, Harman Mandeville, Alvin F. Marion, Otis Lyons, Cecil P. Conner and George B. Chambers, members of such board, Thomas E. Bazzarre, Jr., Recorder-Treasurer of the City of Beckley, and as such, custodian of the Fireman's Pension or Relief Fund, the City of Beckley, a municipal corporation and George B. Chambers, Mayor of that city.
The Board of Trustees of the Fireman's Pension or Relief Fund of the City of Beckley will be hereinafter designated as "Trustees"; the City of Beckley will be referred to as "City"; the Fireman's Pension or Relief Fund as "Fund"; the Common Council of the City of Beckley, as "Council"; the Medical Board of the Fireman's Pension or Relief Fund of the City of Beckley as "Medical Board".
A demurrer having been interposed by defendants to the original petition, the same was sustained. The original petition is not in this record.
Thereafter, the relator filed an amended petition on which a rule was awarded, returnable the 25th day of August, 1952. The defendants again filed their joint and several demurrer to the amended petition, assigning grounds of such demurrer which, so far as necessary, may be summarized as follows: (1) That no facts are alleged to show relator was qualified for appointment as a member of the paid fire department, (2) that he admits that he was 41 years of age at the time of the civil service examination and no waiver of the age requirement by the medical examining board is shown, (3) that he was not awarded permanent disability benefits, (4) that the petition and amended petition of the relator do not show a factual basis entitling him to pension benefits for permanent disability, (5) that no waiver of the statutory age requirement by the Trustees and the City is shown.
*685 The Circuit Court of Raleigh County sustained a demurrer to the amended petition and certified certain questions to this Court.
Relator is a resident of the City of Beckley and has been for the past ten years. He sets forth in haec verba an ordinance establishing the Fund for the City, as well as an amended ordinance relating to the same subject. These ordinances seem to conform to the statute authorizing the establishment of such Fund. The ordinances above mentioned provide for the establishment and maintenance of the Fund, and the Trustees as a Board to administer such Fund. A Civil Service Commission, having certain duties and powers with respect to members of the paid fire department, is established for the City.
Relator was employed as a fireman for the City of Beckley by the Mayor of such City, March 1, 1945; and on that date commenced to perform his duties as such. He received a monthly salary from the City as a member of the fire department until payment of his salary was terminated on November 1, 1950. His alleged appointment as a member of the fire department of the City was confirmed by the Council on the 26th of December, 1945. He submitted to physical and mental examinations, including a Civil Service Commission examination, prior to his confirmation.
He performed duties as a member of the fire department of the City from the time of his appointment until the 22nd day of July, 1950. On the last mentioned date he contracted virus pneumonia by reason of services he performed as a member of the fire department of the City. He was absent from his duties as a fireman, because of such illness, from July 22, 1950, until August 28, 1950, returning to his duties on the last mentioned date and serving in such capacity until September 23, 1950, when he suffered a recurrence of his malady and at the request and direction of the then Trustees, he was examined by a physician who advised him to rest and return for further treatment. After another examination, he went to a clinic for further treatment. He returned on or about October 26, 1950, and was then examined by the same physician who advised that because of his malady, it would be unwise for him to return to full duty as a member of the fire department.
The relator submitted to x-ray and other examinations, and it was disclosed that he was suffering from a chronic disease of the lungs.
The acting mayor of the city recommended that the relator be relieved of his duties by "the City Fire Department". The recommendation was carried out by the adoption of a resolution by the Council, purportedly relieving him of his duties as of the 1st day of November, 1950.
Relator contends that he was relieved without warrant of law, since the removal was without just cause and no statement of the reasons for such removal or discharge as fireman was furnished by the Civil Service Commission of the City of Beckley, nor was the relator furnished with such statement of the reasons for his discharge by the Council and given an opportunity to be heard thereon. He alleges that he has been a member of the fire department of the City since March 1, 1945, until the date of this proceeding, notwithstanding the actions of the Council on the 12th day of December, 1950; that he has paid money into the Fund for the City, as required by statute and ordinance of the City; that his payment into the Fund amounted to approximately $365.48.
He was advised by the acting mayor of the City of Beckley to make application for temporary disability payments. This application was denied by the Trustees upon the ground that he was over the age of thirty-five years at the time of his appointment as city fireman. Thereupon, he applied to the Judge of the Circuit Court of Raleigh County for a writ of mandamus to compel the payment of temporary disability. That Court, on the 26th day of June, 1951, adjudged that the relator was entitled to temporary disability payments on the ground that he had been found to be temporarily disabled by the Medical Board. He was awarded a peremptory writ of mandamus, requiring the payment of temporary disability benefits for 26 weeks, from November 1, 1950.
*686 In accordance with the peremptory writ, the Trustees have paid the full amount of pension benefits for temporary disability. The order awarding the writ of mandamus for temporary disability payments provided that such award should "be in no way an adjudication that the petitioner is or is not covered by pension act statutes and ordinances if, when and should a claim for permanent pension be asserted by the petitioner."
After the expiration of the period covered by the temporary disability, relator was again examined by the Medical Board who found that the relator was permanently disabled from the performance of his duties as a member of the fire department of the City.
Upon such report, the relator made application to the Trustees for a permanent pension, and in support thereof, filed the report made by the Medical Board. The Trustees met on the 31st day of August, ___, and inserted in their minutes the report made by the Medical Board. Relator alleges that the Trustees awarded him a pension for permanent disability as required by law. Thereafter, the Trustees, according to the allegations in the petition, without notice to relator, or giving him opportunity to be heard, by a resolution adopted September 14, 1951, denied his application for a permanent pension award on the ground that he failed to qualify under "law of Civil Service".
The relator alleges that the denial of benefits for permanent disability by the Trustees was capricious, wrongful, arbitrary and without just cause, and that the Trustees, by their action, rescinded a former allowance of a pension made by them.
Relator admits in his petition that he was 41 years of age at the time he made his application for appointment as a member of the fire department of the City; that the Civil Service Commission of the City was duly advised of his correct age, that his date of birth was given on his application; and, that the Mayor and Council of the City, and the members of the Civil Service Commission were fully cognizant of his correct age at the time of his appointment.
He further alleges that he has complied with all pertinent and applicable statutes, and that he is entitled to the benefits and privileges of the Fund. He alleges that he is disabled permanently and that he is unable to carry on his duties as a fireman because of the disability.
In his petition, relator directs attention to the fact that he was a member of the paid fire department of the City of Beckley, from the date of his initial employment, March 1, 1945, until the date of his permanent disability, a period of 6 years and 3 months.
He avers that he has a clear legal right to the award of permanent disability payments, to be paid out of the Fund; that such payments should commence on the 22nd day of May, 1951, and continue at the monthly rate of $100 until the 8th day of June, 1951, and thereafter, should be paid at the rate of $125 per month.
He prays that a writ of mandamus be awarded requiring the Trustees, the custodian of such Fund, to grant his application for a pension for permanent disability, and to make such payments as provided by statute, so long as his physical disability continues and prevents his return to full duty.
Defendants contend that this certification was improperly docketed in this Court, on the grounds that the motion to docket this certification was not presented and filed in the Office of the Clerk of this Court within sixty days of the date of the order of certification entered in the Circuit Court, in accordance with Section 4, Rule II of the Rules of Practice in the Supreme Court of Appeals of West Virginia, as revised. The demurrer to the amended petition was sustained by the trial court, on the 25th day of August, 1952, by order bearing that date, and in the same order, it was adjudged that the questions arising upon the demurrer should be certified to this Court. The formal certificate bears date the 14th day of October, 1952. The record was filed in the office of the Clerk of this Court, December 10, 1952. Excluding the 14th day of October, 1952, and including *687 the 10th day of December, 1952, Code 2-2-3, we find that the motion to docket was filed within 57 days of the date of the formal certificate.
We are of opinion that the date of certificate governs, rather than the date of order sustaining the demurrer. Hence, there is no merit in the contention of defendants that this certification was improperly docketed.
Relator filed with his affidavit certain exhibits, incorporated by reference in his affidavit. The affidavit and exhibits attached thereto were filed by an order entered by the trial court, in support of the amended petition of relator. The filing and consideration of exhibits in law actions is not permitted. State for Use of Pingley v. Pingley, 84 W.Va. 433, 100 S.E. 216; Vorholt v. Vorholt, 111 W.Va. 196, 160 S. E. 916. See Densmore v. County Court, 106 W.Va. 317, 145 S.E. 641; State ex rel. Medley v. Skeen, 76 S.E.2d 146.
We think the amended petition of relator is sufficient to fully present the questions of law arising upon this certification. Hence, we do not consider the exhibits so filed.
The relator's amended petition, the demurrer of defendants and their respective contentions, raise two controlling questions: The questions are set forth at length in the trial court's certificate, upon certain conditions. Though we discuss the certified questions, we think the following is a sufficient statement of the issues of law, arising upon the certificate: (1) Was the relator ever a member of the fire department of the City of Beckley? (2) What rights, if any, does relator have under the facts and circumstances alleged in his amended petition?
In disposing of the questions involved in this proceeding, we must consider and apply two statutes, one providing for organization of a Civil Service Commission, relating to the appointment, promotion and removal of members of fire departments of municipalities; the other to the pension or relief fund for firemen and policemen, out of which payments to disabled and retired members of municipal fire departments are to be made.
The statutes just mentioned confer certain powers on the municipalities of this State. "A municipal corporation possesses and can exercise only the following powers: (1) Those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the accomplishment of the declared objects and purposes of the corporationnot simply convenient, but indispensable." Hyre v. Brown, 102 W.Va. 505, 135 S.E. 656, 49 A.L.R. 1230; Brackman's Inc., v. Huntington, 126 W.Va. 21, 27 S.E.2d 71. See County Court v. Piedmont, 72 W.Va. 296, 78 S.E. 63; Hukle v. City of Huntington, 134 W.Va. 249, 73 S.E.2d 833.
We agree that statutes creating a pension and relief fund for municipal employees should receive a liberal construction. Sturm v. Seamonds, 122 W.Va. 338, 9 S.E.2d 227; City of Norfolk v. Key, 192 Va. 694, 66 S.E.2d 479; Rockenfield v. Kuhl, 242 Iowa 213, 46 N.W.2d 17. But, the provisions of the statute here considered are without ambiguity and require no construction. Therefore, the duty of applying the statutes as written is imposed on this Court.
Bearing in mind the legislative delegation of powers to municipalities, we come to the question: What are the powers conferred on municipalities to appoint members of a paid fire department?
Appointments in paid fire departments of municipalities are made only in accordance with the qualification and fitness to be ascertained by examination. After the year, 1931, "no person shall be appointed, * * * as a paid member of said fire department, regardless of rank or position, in any fire department, of any city in the state of West Virginia, in any manner or by any means others than those prescribed in this article." Chapter 88, Article 6-a, Section 1, Acts of the Legislature, 1949, Regular Session.
By Section 12, Chapter 88, Article 6-a id, an applicant for the qualifying examination *688 for appointment as municipal fireman, must be not less than 21 years, nor more than 35 years of age, at the date of his application. It is admitted by the relator that he was 41 years of age at the date of his application.
A person being older than the maximum age permitted by a civil service law, is not eligible for appointment to a municipal fire department. McCarthy v. Board of Fire Com'rs, 37 Cal.App. 495, 174 P. 402. In making appointments to municipal fire departments, there must be compliance with valid Civil Service provisions. 62 C.J.S., Municipal Corporations, § 469.
Though the relator, subject to interruption on account of illness performed the duties of fireman of the city from March 1, 1945, until December 12, 1950, at which time he was relieved by a resolution of the Council; date of such relief being retroactive to November 1, 1950, he was not, as a matter of law, a member of the fire department of the City. We therefore hold that the alleged appointment made by the then Mayor of the City, and the subsequent action of the Council, in attempting to confirm such appointment on December 26, 1945, were ineffective to constitute the relator a member of the fire department of the City. The action of the Mayor and the Council were beyond their powers and therefore ineffective, as being contrary to the plain and clear mandate of the statute granting such power. Appealing as the facts of this case are, we can reach no other conclusion. It follows that the relator has never been a legally qualified member of the fire department of the City.
The nearest approach as to factual background to the instant case, found in the reports of this Court, is the case of Sturm v. Seamonds, supra. In the Sturm case [122 W.Va. 338, 9 S.E.2d 228], this Court applied a statutory provision reading as follows: "`All paid policemen, including officers, except chiefs of police, who have had four years' service, in any city or municipal police department, and who are employed by any city or municipality on the date this act takes effect, shall be construed to have been appointed under the provisions of this act and shall hold their positions in accordance therewith.'" In accordance with that statutory provision, this Court held in Sturm v. Seamonds, supra, that the provision of the act eliminated the question respecting the regularity of his appointment. But in the instant case, we consider an original appointment made at a time when the pertinent statutory provisions, then in force, were almost identical with the provisions of Chapter 88, here considered. See Chapter 60, Sections 1 and 12, Acts of the Legislature, 1933, Regular Session.
The statute, Chapter 88 id, Article 6-a, neither expressly nor impliedly authorizes the payment of pension to persons who are not legally a member of a municipal fire department, and we cannot, by a strained application of the statute, require payment of pension benefits to a person who has never legally been a member of a municipal fire department, so far as is shown by this record.
The relator contends that the acts of the Mayor and Council of the City in appointing and confirming him as a member of the fire department of the City, operates as an estoppel of the Trustees, to deny his legal appointment. Estoppel cannot be based on an unauthorized act of municipal authorities.
Relator contends that the facts alleged in his petition disclose that he has a vested right to receive an award of pension benefits from the Fund. A fund of the kind here considered, is a public fund. Gall v. Wheeling, 119 W.Va. 93, 192 S.E. 116, 112 A.L.R. 477. Moreover, the money paid into the Fund, is in part, derived from taxation. See Code, 8-6-14, Chapter 93, Article 6, Acts of the Legislature, 1945, Regular Session. This Fund is controlled by the Trustees, a corporation authorized by statute and ordinance, and is entirely at the disposal of a branch of the municipal government.
Being a fund raised and controlled in such manner, the prospective beneficiaries of that fund have no vested right in it.
*689 True, they may have an expectancy to participate in the fund when otherwise qualified. Pennie v. Reis, 132 U.S. 464, 10 S.Ct. 149, 471, 33 L.Ed. 426. See Eberle v. LaGuardia, 285 N.Y. 247, 33 N.E.2d 692; Rockenfield v. Kuhl, supra; Annotations 54 A.L.R. 943 et seq.; 98 A.L.R. 505 et seq.; 112 A.L.R. 1009 et seq.; 137 A.L.R. 249 et seq. In Pennie v. Reis, supra, and some of the authorities above cited, it is indicated that where statutory conditions for retirement have been met, the right to a pension becomes vested in the absence of fault on the part of the expectant beneficiary. See Eberle v. LaGuardia, supra; State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127. But as herein stated, the statutory requirements have not been met, i. e., relator was never a fireman as a matter of law, and therefore does not come within the class of an expectant beneficiary, who otherwise may have had a vested right in the fund.
Relator contends that his appointment operates as a waiver of his over-age status. We do not think that a waiver by the Civil Service Board could legally be made, and if there were any legal grounds for such waiver, it would not be binding on a separate and distinct body; in this case, the Trustees.
Relator invokes the provisions of Chapter 69, Section 18, Acts of the Legislature, 1935, Regular Session, which in substance provides that if any member of a municipal fire department shall be found to be disabled upon examination by a majority of a board of medical examiners, so as to render him physically or mentally disabled, by reason of the performance of his duties in a fire department, so as to render his retirement necessary, and has been a member of a fire department for not less than five consecutive years preceding his disability, such disabled person shall be retired permanently and shall be paid out of the pension relief fund in the amount provided for by rules to be adopted by the trustees of the fund.
As a necessary basis for the application of Section 18 id, the disabled member of the fire department must have been a member of the fire department; the language of Section 18 id, undoubtedly requiring that status. Relator not being a member of the fire department of the City, we think that Section 18 id, is not applicable to his claim.
The relator contends that he was not legally removed by resolution of the Council passed December 12, 1950. We agree that he was not removed for the reason that he was not a member of the fire department, as a matter of law, but, we do think that the Council had the right and power to terminate his services as was done by the adoption of the resolution.
The mandamus requiring the payment of temporary disability did not nullify the termination of relator's services. We do not have before us the entire record of the Circuit Court of Raleigh County made in awarding the writ of mandamus, requiring the payment of pension benefits for temporary disability. Bearing in mind, however, that the relator had never legally been a member of the fire department, we do not think that the award of a writ of mandamus of the Circuit Court of Raleigh County affected in any way the power of the Council to terminate his services, nor did the award of such mandamus, directing the payment of such pension, nullify the action of the Council. There has been no former adjudication of relator's rights with respect to his claim for permanent disability.
As hereinabove noted, the order of the Circuit Court of Raleigh County, awarding a mandamus requiring payment of pension benefits for temporary disability, provided that adjudication was not to be considered as a determination of the rights of relator to pension benefits for permanent disability. The principle of res adjudicata does not apply unless the two proceedings have substantially the same parties who sue and defend, the same cause of action and the same object. State ex rel. Connellsville By-Product Coal Co. v. Continental Coal Co., 117 W.Va. 447, 186 S.E. 119, 106 A.L.R. 83. See In re United *690 Carbon Co. Assessment, 118 W.Va. 348, 190 S.E. 546, where there had been two proceedings testing the validity of ad valorem taxes for different tax years. It was held that the tax demand for the subsequent year was a different demand from that made in the former year. See point 1, syllabus, Pridemore v. Lucas, 131 W.Va. 1, 47 S.E.2d 839. In the instant case, the claim for temporary disability is a different claim from that for pension benefits on the basis of permanent disability. Moreover, the Court expressly provided in its order that its judgment should not be considered as res adjudicata of relator's right to a pension on a permanent basis.
Another contention made by the relator is that payments made by him into the Fund estopped the Trustees from denying him pension benefits for permanent disability. A municipality acting in a governmental capacity is not subject to the law of equitable estoppel. Beckley v. Wolford, 104 W.Va. 391, 140 S.E. 344.
Municipalities sometimes act in a governmental capacity, and sometimes in a proprietary capacity. When the action relates to a proprietary function, equitable estoppel may be invoked against municipalities. See Annotations 1 A.L.R.2d 339, 353, 359; 38 Am.Jur., Municipal Corporations, Section 668; 19 Am.Jur., Estoppel, Section 168. But in organizing, maintaining and paying a municipal fire department, the municipality is acting in a governmental capacity. Mendel v. Wheeling, 28 W.Va. 233, 246. See Carter v. Thompson, 164 Va. 312, 180 S.E. 410; 18 McQuillin, Municipal Corporation, Third Edition, Section 53.52; 16 McQuillin, Municipal Corporation, Section 45.03; Annotations 9 A.L.R. 143 et seq.; 33 A.L.R. 688 et seq; 84 A.L.R. 514 et seq.; 110 A.L.R. 1119. The reason for refusing to apply equitable estoppel to municipal governmental functions is clear. To permit such estoppel on the basis of mistake or ill advised action by a former municipal authority would hinder and hamper governmental functions; and may be contrary to the public interest in many cases.
The Trustees awarded pension benefits for permanent disability but later rescinded such action and denied relator an award of pension benefits for permanent disability. We think the rescission of the first award was, and is, within the power of the Trustees. The subsequent action of the Trustees in denying the benefits is effective for the reason that the relator was never a legal member of the fire department of the City, as hereinabove held.
Relator's petition does not show a clear legal right to the relief he seeks. In the absence of allegations of facts, which, if proved, would establish a clear legal right to the relief sought, the petition is bad on demurrer.
Accordingly, the ruling of the Circuit Court of Raleigh County, in sustaining the demurrer, is affirmed.
Ruling affirmed.