STATE *ex rel.* LEONARD BACKUS THOMAS

*v.*

THE BOARD OF TRUSTEES, FIREMEN'S
PENSION AND RELIEF FUND, CITY OF
DUNBAR, *etc., et al.*

(No. 13809)

Decided May 2, 1978.

*Stephen P. Swisher*, for plaintiff in error.

*Walter L. Wagner, Jr.*, for defendants in error.

CAPLAN, CHIEF JUSTICE:

Leonard Backus Thomas, appellant, was an employee of the fire department of the City of Dunbar until October 31, 1974. On that date he attained his sixty-fifth birthday and sought retirement benefits as a member of that deparment. The board of trustees of the firemen's pension and relief fund denied his application and notified him that he was not eligible for a pension for the reason that he was over the qualifying age at the time of his employment.

The appellant filed a petition in mandamus in the Circuit Court of Kanawha County, wherein he sought to compel said board of trustees to grant a pension in accordance with the city ordinance and state statutes. The circuit court, after hearing, denied the relief prayed for and petitioner prosecuted this appeal. We affirm the judgment of the circuit court.

From the "Agreed Stipulation of Fact" and the testimony adduced at the trial, we learn that Mr. Thomas

was born on October 29, 1909; that he had been a member of the Dunbar fire department in 1942 and 1943 but had terminated that service during the latter year to accept employment with Libbey-Owens-Ford; that he left that employment to enter the armed forces in 1943; where he served until 1945; that he returned to Libbey-Owens-Ford where he worked until 1949; that from 1945 to 1949 he was a volunteer fireman with the Dunbar fire department; that on June 15, 1949 the civil service commission, by duly carried motion, resolved that forty years of age would be established as the age limit for considering prospective applicants to the paid fire department if such applicant had previous fire fighting experience with that department; and that on the same date the application of the appellant, who was then 39 years of age, was accepted and approved by the commission.

It was further revealed that on December 21, 1953 the City of Dunbar, by ordinance, established a pension system for the paid members of the fire department and created a Board of Trustees of the Firemen's Pension and Relief Fund. By virtue of said ordinance and *W.Va. Code*, 8-22-16 et seq., members of the paid fire department, upon attaining sixty-five years of age and serving for twenty years, were entitled to a pension. On August 5, 1955 Thomas was granted a leave of absence to seek other employment. Being thereafter employed by Libbey-Owens-Ford, he, on December 12, 1955, withdrew from the pension fund and withdrew all the money he had paid into said fund. He continued as a volunteer fireman, and, on June 7, 1957, was reinstated as a part-time employee, working some weekends and holidays. During this time and until 1960 Thomas remained with Libbey-Owens-Ford as a full-time employee.

The appellant was "officially noted as taken into" the pension fund as of October 1, 1957 when he began contributing to the fund. On October 26, 1957, when he was duly certified as being medically fit for duty as a fireman, he was three days short of being forty eight years of age. After withdrawing from the pension fund in 1955,

Thomas moved outside the city of Dunbar and did not move back until 1960. So far as contributions to the pension fund were concerned, deductions were made from his salary for that purpose from 1960 to 1974.

The principal question here is whether Thomas was eligible for appointment as a member of the fire department at the time of his employment. He contends that he was reinstated in 1949 at which time he was thirty-nine years of age.

This Court, *in Cawley v. Trustees*, 138 W. Va. 571, 76 S.E.2d 683 (1953), held that under *W.Va. Code*, 8-6A-12 (now 8-15-17, as amended) a person over thirty-five years of age who has been improperly certified as being eligible for appointment as a member of a paid fire department, and who is thereafter appointed, is not eligible for a pension. The Court concluded that Cawley, who was forty-one years old when appointed, had never been a legally qualified member of the fire department.

*W.Va. Code*, 8-6A-12 the applicable statute in 1949 when Thomas says he was employed or reinstated, reads, in pertinent part, as follows:

> No application will be received if the person applying is less than twenty-one years of age or more than thirty-five years of age at the date of his application: Provided, however, that in event any applicant has formerly served upon the fire department of the city to which he makes application, for a period of more than six months, and has resigned from the department at a time when there were no charges of misconduct or other misfeasance pending against such applicant, within a period of two years next preceding the date of his application, and is a resident of the city or municipality, and is still a resident of the city or municipality of the fire department on which he seeks reinstatement, then such person shall be eligible for reinstatement in the discretion of the civil service commission, even though such applicant shall be over the age of thirty-five years.

In the instant case Thomas was thirty-nine years of age in 1949 when he was employed as a fireman. He was ineligible for such employment under the above quoted statute, unless by reason of his former service as a fireman he qualified under the proviso. He did not so qualify. In order to qualify under the proviso, one over thirty-five years of age must have formerly served upon the fire department for a period of more than six months within a period of two years next preceding the date of his application; also, he must be a resident of the city wherein the fire department is located.

Appellant Thomas, though he had been a volunteer, had not served with the fire department within two years of his application in 1949. In fact, he had not so served since 1943. Therefore, under *W.Va. Code*, 1931, 8-6A-12 and *Cawley v. Trustees, supra*, Thomas has never been a legally qualified member of the Dunbar fire department.

Yet another and more compelling reason exists for denying the relief sought. Even if Thomas had lawfully qualified as a city fireman in 1949 such employment was terminated by his resignation from the department in 1955, when he became employed by Libbey-Owens-Ford on a full-time basis. Upon his resignation he withdrew all of his contributions from the pension fund and never repaid them. Although Thomas contends that he began working again as a fireman in 1957 he admits that this was part-time employment and that he remained a full-time employee of Libbey-Owens-Ford until 1960. He was not a full-time employee and thus was not an employee of a paid fire department as contemplated by the provisions of *W.Va. Code*, 1931, 8-15-9. He did not become such full-time employee until 1960 at which time he was over fifty years of age. Again, he did not qualify under the provisions of *W.Va. Code*, 1931, 8-6A-12. Furthermore, Mr. Thomas was not a resident of the City of Dunbar in 1957 and did not, therefore, meet the statutory residency requirements.

We are not unaware of the provisions of *W.Va. Code*, 1931, 8-22-25(d), which provides for the payment of a pension to an employee even though he has served less

than twenty years, but find that such statute is not applicable in the instant case. That code provisions contemplates an employee lawfully appointed and legally qualified as a fireman. Here, for the reasons herein noted and as stated in *Cawley v. Trustees, supra,* Thomas "has never been a legally qualified member of the fire department." He did not, therefore, acquire a vested right in the fireman's pension and relief fund.

For the reasons stated herein the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*